[S. F. No. 8362.    In Bank.—December 14, 1917.]

## N. W. MAHAFFEY et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

WORKMEN'S COMPENSATION. ACT—INJURY IN IRREGULAR AND NONPERMA-NENT EMPLOYMENT — AVERAGE ANNUAL EARNINGS.—Subdivisions 1 and 2 of section 17 of the Workmen's Compensation Act (Stats. 1915, p. 1087), which base the compensation to be awarded an injured employee on "average annual earnings" of the immediately preceding year, have no application to the case of an injured employee who took "occasional jobs" from the contractor in whose employment he was injured, and was sometimes employed casually by others in different kinds of work, but such case falls within subdivision 3, under which the annual earnings are to be taken as the sum which will "reasonably represent the average annual earning capacity" of the employee "in the kind of employment in which he was then working, or in any employment comparable therewith but not of a higher class."

APPLICATION for a Writ of Review to review an award of the Industrial Accident Commission.

The facts are stated in the opinion of the court.

Redman & Alexander, for Petitioners.

Christopher M. Bradley, for Respondents.

SLOSS, J.—*Certiorari* to review an award of the Industrial Accident Commission.

Mahaffey, one of the petitioners, was a contractor. In the performance of contracts for repairing and painting roofs, he sometimes found it necessary, before painting a roof, to have the moss and dirt scraped from the shingles. Rees was employed by Mahaffey to do work of this character, and while so employed fell from a roof and was injured. The commission found he had sustained a permanent, partial disability equal to 25¼ per cent of total disability, entitling him to a disability indemnity of 65 per cent of his average weekly earnings for a period of 101 weeks. (Workmen's Compensation Act, Stats. 1915, sec. 15.) The average annual earnings were found to be nine hundred dollars, and the average weekly earnings $17.31. Certain payments having already been made before the institution of the proceedings, the com-

mission found the balance due to be $209.50. The petitioners, who are the employer and his insurance carrier, attack the award upon the ground, principally, that the evidence does not sustain the finding with respect to Rees' average weekly earnings.

Rees was sixty-eight years of age, and not engaged in any fixed or steady employment. He owned some improved real property, and devoted part of his time to its care and repair, and to looking after some property belonging to his wife. He also took occasional jobs from Mahaffey in cleaning roofs, and was sometimes employed casually by others in different kinds of work. He was paid by Mahaffey at the rate of three dollars a day. The work of cleaning roofs was, however, intermittent in character, and it is clear from all the testimony that Rees was not engaged in it for more than fifteen to twenty days a year. Mahaffey had hired other men to do work of the same kind, but, as he testified, it was a special kind of work, and he could not readily "pick up" men to do it. The evidence in the record, and every inference that may fairly be drawn, indicate that employment of this kind was occasional and irregular, and that neither Rees nor anyone else was employed steadily at it.

The commission fixed the employee's annual earnings at three hundred times his daily wage. This, we think, was not in accord with the statutory provision applicable to the case shown by the evidence. Under section 17 of the Workmen's Compensation Act, weekly earnings shall be one fifty-second of the average annual earnings, and average annual earnings are to be arrived at as follows:

"(1) If the injured employee has worked in the same employment, whether for the same employer or not, during substantially the whole of the year immediately preceding his injury, his average annual earnings shall consist of three hundred times the average daily earnings, wage or salary which he earned as such employee during the days when so employed.

"(2) If the injured employee has not so worked in such employment during substantially the whole of such immediately preceding year, his average annual earnings shall consist of three hundred times the average daily earnings, wage or salary which an employee of the same class, working substantially the whole of such immediately preceding year, in

the same or a similar kind of employment, in the same or a neighboring place, earned during the days when so employed.

"(3) In every case where for any reason the foregoing methods of arriving at the average annual earnings of the injured employee cannot reasonably and fairly be applied, such annual earnings shall be taken at such sum as shall reasonably represent the average annual earning capacity of the injured employee at the time of the injury in the kind of employment in which he was then working, or in any employment comparable therewith, but not of a higher class.''

Subdivision 1 obviously cannot be looked to in the present case, because Rees had not worked in this employment during substantially the whole of the preceding year. The commission seems to have gone on the view that subdivision 2 was the governing provision. But we think this subdivision equally inapplicable. Under its terms the annual earnings are measured by three hundred times the daily earnings of an employee of the same class working substantially the whole of the preceding year in the same or a similar employment. As we have indicated, there is no evidence that anyone else engaged in this employment or a similar one did or could work during substantially the whole of the year. Both subdivisions 1 and 2 contemplate a kind of employment which is permanent and steady, and which, for that reason, affords to an employee the possibility, at least, of earning annually an amount measured by the number of working days in a year, estimated and fixed by the act at three hundred. Where this kind of employment is not shown to exist, the case falls within subdivision 3, under which the annual earnings are to be taken as the sum which will "reasonably represent the average annual earning capacity" of the employee "in the kind of employment in which he was then working, or in any employment comparable therewith, but not of a higher class.'' Under this subdivision, the amount of annual earnings is not reached by multiplying the employee's daily earnings by any arbitrary figure, but by ascertaining from the evidence what his earning capacity in fact was. The evidence before the commission did not show that Rees could have earned in the employment in question, or in any employment comparable to it, anything more than the amount which he had actually earned in the past, which was but a fraction of the amount fixed by the commission as his aver-

age annual earnings. The award must, therefore, fall, inasmuch as the commission's authority to make an award depends upon evidence tending to show the existence of the conditions justifying the award.

The award is attacked upon a further ground, but this, we think, involves merely a question of fact, upon which the commission's finding is conclusive if it have any support in the record. The finding is not without such support.

The award is annulled, and the proceeding remanded to the commission for further proceedings nòt inconsistent with the views herein expressed.

Shaw, J., Melvin, J., Henshaw, J., and Angellotti, C. J., concurred.