[Civ. No. 8820. Second Appellate District, Division Two.—March 2, 1933.]

DEPARTMENT OF WATER AND POWER OF THE CITY OF LOS ANGELES (a Municipal Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and GEORGE CAMPBELL, Respondents.

Erwin P. Werner, City Attorney, Mark L. Herron and Loren A. Butts, Assistants City Attorney, and William E. Balter, Deputy City Attorney, for Petitioner.

A. I. Townsend for Respondents.

CRAIG, J.—The respondent, an employee of a municipal subdivision of the city of Los Angeles, was injured in the course of his employment. Pursuant to application and hearing before the respondent Commission which resulted in an award based upon wages of $28 per week, a petition for rehearing was denied. The employer thereupon petitioned for a writ of *certiorari* to review the same.

It is conceded that the employee was engaged for a stated period of thirty days at the rate of $4 per day, and that he received injuries on or about the twentieth day of his employment by falling backward from loose boards provided as steps which he was required to ascend in carrying packages. Said injury was found to have caused temporary total disability continuing more than thirty days thereafter. It is contended by the petitioner that compensation should not be allowed on the basis of $28 per week, under the evidence and section 12 of the Workmen's Compensation Act.

Subsections 1, 2 and 3 of section 12 (a) of said statute provide that if earnings be irregular or specified to be by the week, month or *other period*, as a basis the average weekly earnings of the employee who has worked at least 260 days of the year preceding his injury, or of one of the same class working for the same period, shall be ninety-five per cent of the average earnings during such period, not exceeding one year, as may conveniently be taken to determine the weekly rate of pay. Subsection 4 provides that where the foregoing methods of arriving at the average weekly earnings cannot reasonably and fairly be applied, the average weekly earnings shall be taken at ninety-five per cent of such sum as shall reasonably represent the average weekly earning capacity of the injured at the time, due consideration being given to his actual earnings from all sources and employment during the year preceding his injury, not exceeding the rate actually paid him. Since the

respondent employee was employed upon an agreed daily rate of compensation, and it is not denied that he was one of a class of numerous employees working at the same wage, none of whom had been employed for a period of 260 days, it is insisted that the method first mentioned is unavailing.

It appeared that the respondent had earned approximately $150 elsewhere during the year preceding the injury, for services at intervals within something less than one month, at a rate in excess of $4.83 per day, or about $37.84 per week if employed every day. From the foregoing we are unable to say as a matter of law that the respondent Commission erred in adopting $4 per day as reasonably representing the average weekly earning capacity of the injured at the time, taking into consideration for such purpose prior actual earnings. Had he been employed for the full 260 days the rate of compensation to be applied, though mandatory, would not appear to have been less. Hence, under none of the methods prescribed by the statute does an amount less than that adopted seem to be legally required nor does a different method of computation so plainly appear as to require annulment of the award.

The award is affirmed.

Works, P. J., and Archbald, J., *pro tem.*, concurred.

An application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 1, 1933.