[Civ. No. 1083. Fourth Appellate District.—December 14, 1933.]

CALIFORNIA CASUALTY INDEMNITY EXCHANGE (an Inter-Insurance Exchange), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and FRED McDONALD, Respondents.

Richard L. Oliver for Petitioner.

Arthur I. Townsend and Everett A. Corten for Respondents.

JENNINGS, J.—*Certiorari* to review an award of the Industrial Accident Commission.

Petitioner is the insurance carrier of the employer. Respondent Fred McDonald was employed by McGilvray

Raymond Corporation as a quarryman in a rock quarry operated by said corporation at Lakeside, San Diego County. On September 23, 1932, the above-mentioned employee sustained an injury which was caused by a rock falling on his right foot resulting in a fracture of bones. There is no dispute that the injury arose out of and occurred in the course of employment. On November 9, 1932, the injured employee filed an application for adjustment of claim for compensation with the respondent Accident Commission. On December 6, 1932, the application was heard before a referee of the Accident Commission. The referee thereafter made his findings and award, which were approved and confirmed by the Industrial Accident Commission on December 16, 1932. It was found that the injury sustained by the said employee had caused temporary total disability continuing from the date of injury to and including December 6, 1932, and indefinitely, and that he was entitled to an award of $6.41 per week. It was stated that the weekly compensation, which it was found that the employee was entitled to receive, was based on an earning capacity at the time of injury of $45 per month from all sources. An award was accordingly made in his favor for compensation in the above-stated amount. On January 6, 1933, the insurance carrier filed with the Accident Commission a petition for rehearing. This petition was granted and on March 23, 1933, the application came on for rehearing before a referee of the commission. On April 15, 1933, the Accident Commission filed its decision rescinding the findings and award of December 16, 1932. Findings of fact were made wherein it was found that the injured employee was entitled to compensation of $18.67 per week based upon earnings of $5.50 per day for five and one-half days per week. An award of compensation in the above-mentioned amount was accordingly made. On May 2, 1933, the insurance carrier filed with the commission a petition to reopen the said decision on rehearing. The matter came on for further hearing before the referee of the commission on May 12, 1933. Additional evidence was submitted to the referee and on May 23, 1933, the Accident Commission entered an order denying the petition to reopen its decision. On June 22, 1933, the insurance carrier filed with this court its petition for a writ of *certiorari,* whereby it seeks a review of the proceedings before the com-

mission and in particular an annulment of the order of May 23, 1933, affirming the decision of April 15, 1933, which awarded to the employee compensation in the amount of $18.67 per week. The sole contention advanced by petitioner in support of its application for the writ is that the award of compensation made by the commission is arbitrary and unreasonable and that the findings of fact upon which the award is based are not supported by the evidence submitted to the referee.

It is conceded that the injury suffered by the employee caused temporary total disability. It is also conceded that, from the facts and circumstances developed by the evidence, section 12 (a) (4) of the Workmen's Compensation Act of California (Stats. 1917, p. 831, and amendments; 2 Deering's Gen. Laws, 1931, pp. 2272, 2286, Act 4749) affords the proper method for determining the average weekly earning capacity of the employee. This section is in the following language:

"Where the employment is for less than five days per week or is seasonal or where for any reason the foregoing methods of arriving at the average weekly earnings of the injured employee cannot reasonably and fairly be applied, such average weekly earnings shall be taken at ninety-five per cent of such sum as shall reasonably represent the *average weekly earning capacity* of the injured employee at the time of his injury, due consideration being given to his actual earnings from all sources and employments during the year preceding his injury; provided, that the earnings from other occupations shall not be allowed in excess of the rate of wages paid at the time of the injury." (Italics ours.)

The record herein discloses that the evidence submitted to the referee showed that the respondent McDonald had been employed by the McGilvray Raymond Corporation for a period of approximately 20 years; that during the year preceding the injury such employment had been irregular; that during said preceding year he had worked for said corporation approximately 44 and a fraction days and had received therefor wages which aggregated $281.60; that during said year the rate of pay in such employment varied from $6.50 to $5 per day; that during the month of September, 1932, prior to the occurrence of the accident which resulted in the injury to his foot he had worked a total of 6 days for which

he was paid at the rate of $5.50 per day; that he had worked for other employers during the year which preceded the date of injury a total of approximately 38 days at rates of pay varying from $4 to $5 per day; that the actual earnings of respondent McDonald from all sources and employments during the year preceding the date of injury amounted to approximately $442.60.

On the basis of the above-mentioned facts it is urged by petitioner that the compensation awarded to respondent McDonald is manifestly far in excess of that to which he is entitled in accordance with the provisions of the above-quoted section 12 (a) (4) of the Workmen's Compensation Act and it is said that it is evident that the respondent Accident Commission, improperly applied the provisions of subdivisions (1) and (2) of section 12 (a) rather than the provisions of subdivision (4). It must be conceded that applicant's contention that subdivisions (1) and (2) are not here applicable is correct. Subdivision (1) is by its precise terms applicable only when "the injured employee has worked in the same employment, whether for the same employer or not, during at least 260 days of the year preceding his injury".

The evidence presented by the record herein establishes that respondent McDonald had not worked a total of one-half of 260 days during the year preceding his injury. Subdivision (2) might have been applicable if any evidence showing "the daily earnings of an employee of the same class working at least 260 days of such preceding year in the same or similar kind of employment in the same or a neighboring place" had been presented. No such evidence was submitted, hence subdivision (2) was not available.

It is particularly urged that the award is excessive because no proper account was taken of the actual earnings of the injured employee during the year preceding the injury. It is petitioner's view that the employee is entitled to an award based solely on such earnings and that to determine "average weekly earning capacity" necessitates a calculation whereby the total amount actually earned during the entire year is divided by 52. It is immediately apparent that this method of computation places upon an injured employee the entire risk of inability to secure employment without regard to his health, training, experience, or willingness to work.

It is our opinion that this argument is answered by the reasoning of two recent decisions of different District Courts of Appeal of this state in each of which a hearing was refused by the Supreme Court of California. These decisions are *Department of Water & Power of the City of Los Angeles* v. *Industrial Acc. Com.*, 130 Cal. App. 231 [19 Pac. (2d) 832], and *Aetna Life Ins. Co.* v. *Industrial Acc. Com.*, 130 Cal. App. 488 [20 Pac. (2d) 372]. In the former case the employee was engaged for a stated period of 30 days at the rate of $4 per day. He was injured on the twentieth day of his employment. The evidence showed that the injured employee had earned approximately $150 elsewhere during the year preceding the injury, for services at intervals within something less than one month, at a rate in excess of $4.83 per day. He was granted an award which was based upon wages of $28 per week. The employer petitioned for a writ of *certiorari* to review the award. The award was affirmed by Division Two of the Second Appellate District. This court, speaking through Justice Craig, says: "We are unable to say as a matter of law that the respondent commission erred in adopting $4 per day as reasonably representing the average weekly earning capacity of the injured at the time, taking into consideration for such purpose prior actual earnings. Had he been employed for the full 260 days the rate of compensation to be applied, though mandatory, would not appear to have been less." In the latter of the above-cited cases the employee was a laborer engaged in the work of wrecking buildings at a rate of $4 per day. His employment was not regular and he was paid a daily wage while the work lasted. On the first day of his employment he was injured. At the hearing of his claim for compensation it was shown that he had worked for the same employer during the year preceding his injury for a period of 16 weeks with an aggregate employment of 86 days and that he had received a total compensation of $408 therefor. It was also shown that during the preceding year he had worked for another employer for a period of time which is not stated and that he had received as wages therefor the sum of $273. It appeared further that during the year preceding the injury he was engaged for 25 days in digging a cellar and building a house for himself except for which work he might have been otherwise employed. The claimant himself testi-

fied that he had previously worked for another employer and that during the year preceding his injury he could have worked for such employer from September to January at a compensation of from $5 to $7.50 per day except that he had received a sum of $400 from other sources and voluntarily took a vacation to spend this money. The claimant received an award of $12.35 per week based upon wages of $4 per day for a five-day week. The insurance carrier of the employer applied for a writ of *certiorari*. It was contended by the petitioner that the average weekly earning capacity of the injured employee should be determined by ascertaining the average weekly wages which he actually received during the entire year previous to the time of his injury. It will be observed that this is precisely the same contention advanced by petitioner in the present proceeding. The contention did not prevail. The District Court of Appeal for the Third Appellate District affirmed the award. The following language which appears in the opinion of the court written by Justice Thompson is apropos to the problem here presented:

"The rule contended for by the petitioner would be unreasonable under some circumstances. It might result in grave injustice to a claimant. A workman may possess excellent earning ability and yet on account of temporary illness or other cause he may be prevented from working throughout a great portion of the year previous to his injury. Under such circumstances, an amount based only upon the average sum which he actually received during that year, regardless of the unusual conditions affecting his employment, would not fairly represent his earning capacity. We are of the opinion the language employed in paragraph (4) of section 12 of the Workmen's Compensation Act, which authorizes the acceptance of 'such sum as shall reasonably represent the *average weekly earning capacity* of the injured employee at the time of his injury' should be construed to mean that the wages of the employee which were actually earned during the year, together with all the surrounding circumstances affecting his earning ability, should be considered in ascertaining a figure which will reasonably represent his weekly earning capacity. Capacity to earn money necessarily contemplates all the surrounding circumstances and conditions disclosed by the evidence which may indicate one's usual and ordinary ability to earn wages, in-

cluding his physical ability, his natural talents, his training, his opportunity to secure employment and the condition of his health.''

In fairness to the petitioner in the present proceeding it must be conceded that the appellate court, in affirming the award in the Aetna case, took particular note of the fact that the testimony of the claimant that he could have been employed for several additional months at an average wage in excess of the sum awarded to him if he had so desired was not contradicted. No such evidence is contained in the record in the present proceeding. We consider, however, that the Aetna case is direct authority for the proposition that, in determining the average weekly earning capacity of an injured employee, the entire risk of inability to secure employment shall not be cast upon the employee and that the actual earnings received by him during the year preceding his injury shall not furnish the sole test for determining his earning capacity. It must be conceded that neither the Aetna case nor any other decision to which our attention has been directed holds that inability to secure employment shall not be considered as one of the factors in determining earning capacity. ▮ It does not, however, affirmatively appear in the present proceeding that the respondent McDonald was unable to secure employment during the year preceding his injury in addition to the employment which the evidence showed he actually obtained. If this was the fact it was incumbent upon the petitioner to produce evidence of such fact upon the hearing of the application for an award. We find nothing in the record to indicate that respondent McDonald did not possess the physical ability, health, training and natural talents to enable him to earn at least the wage which he was receiving at the time of injury. It does appear that he was an experienced quarryman, trained in the work which he was employed to perform. That his services were satisfactory to his employer is indicated by the undenied fact that he had been employed by the same employer in the same character of work for a period of approximately 20 years. In the absence of any evidence that his opportunity for employment 'during the year preceding the injury was limited and in view of the evidence tending to show that his average earnings during the time of actual employment

amounted to approximately $5.50 per day and that he was employed at this rate five and one-half days per week at the time of injury, we are unable to say that the commission did not take into consideration actual earnings from all employments during the preceding year or that the commission abused its discretion in finding that the earning capacity of the injured man was $30.35 per week.

Petitioner* places much reliance upon the decision in *Mahaffey* v. *Industrial Acc. Com.*, 176 Cal. 711 [171 Pac. 298]. This decision received attention in the opinion in the Aetna case and it was pointed out that it affirmatively appeared from the evidence in the Mahaffey case that the claimant was irregularly employed in the work in which he was engaged at the time of injury for not more than 15 or 20 days during any year and that there was no showing that he was ever engaged in any other remunerative work. No evidence was produced which tended to show that he was capable of earning more than $60 per year, yet his average annual earning capacity was found to be $900. This is a very different situation from that which appears in the present proceeding. Respondent McDonald was employed for 82⅞ days during the year preceding his injury at wages which varied from $6.50 to $4 per day. His total actual earnings amounted to $442.60. At the time of injury he was employed at the rate of $5.50 per day working five and one-half days per week. We are therefore impelled to the conclusion that, upon the facts presented, wages of $5.50 per day for a five and one-half day week amounted to a fair estimate of the "average weekly earning capacity" of the injured employee and formed a proper basis for the award which was made.

Our conclusion that the award should be affirmed has been reached without regard to the contention of respondent Accident Commission, that the application for a writ being an application filed by one who was twice aggrieved by a decision of the commission was filed too late, since it appears that it was filed more than 30 days after the decision on rehearing, although filed on the thirtieth day after the making of the order refusing to reopen such decision on rehearing. A determination that the award of the commission was proper on the evidence submitted renders it un-

necessary for us to express an opinion in regard to the procedural question raised by respondent Accident Commission.

The award is therefore affirmed.

Barnard, P. J., and Marks, J., concurred.