[Civ. No. 10667.   Second Appellate District, Division One.—April 8, 1936.]

WALTER WILLIAM NEAHR, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

Hiram T. Kellogg for Petitioner.

Everett A. Corten and Emmet J. Seawell for Respondents.

HAAS, J., *pro tem.*—In this matter it appears that in the course of, and arising out of, his employment by the Wilmington Welding and Boiler Works, Walter William Neahr, the petitioner herein, on December 9, 1934, while cutting rivets sustained an injury to his left eye, in that a piece of steel entered the eyeball, necessitating enucleation of the left eye.

The percentage of disability for petitioner was fixed by the commission at twenty-nine per cent, entitling him to compensation for 116 weeks, beginning December 17, 1934, fixing his compensation remuneration, for compensation purposes, at $10.81 per week, based upon an average weekly earning capacity of $17.50. Of this amount $367.33 is to be deducted as paid, $32.77 is to be allowed a lien claimant, and $50 for attorney's fees. The award orders the employer relieved of liability and to be dismissed therefrom.

Petitioner prays that the findings and award of the commission ''be vacated and set aside'' and that petitioner be awarded compensation upon the basis of his earnings at the time of his injury, pursuant to the provisions of subdivision 1 of section 12 of Act 4749 of the General Laws of the state of California, namely, at the rate of $1.10 per hour for eight hours' work per day or more, alleging that he worked more than thirty hours per week, and that the work contemplated employment for more than thirty hours per week for a period of more than ten days.

As amended, subdivision 1 of section 12 of Act 4749 reads as follows: ''(1). Average Weekly Earnings. Where the employment is for thirty hours a week or more, the average

weekly earnings shall consist of ninety-five per cent of five times the daily earnings at the time of such injury, where the employment is for five working days a week. Where the employment is for five and one-half, six, six and one-half or seven working days a week, the average weekly earnings shall be ninety-five per cent of five and one-half, six, six and one-half or seven times the daily earnings at the time of the injury, as the case may be.'' Where there is evidence to support the conclusion of the commission on a reasonable basis, such conclusion will be sustained. (27 Cal. Jur., sec. 219, and cases there cited.)

The affidavit of Harry Wallace, owner and operator of the Wilmington Welding and Boiler Works, relates: ''That said work was for a period of forty hours per week or more, and that he contemplated using Mr. Neahr as a riveter at least five days a week and at least eight hours a day for a period of more than ten days next ensuing the 8th day of December, 1934.'' The petitioner testified before the commission that he knew the job was going to last ''at least three weeks'', and that he was receiving ''$1.10'' per hour, and that his employment called for ''thirty hours a week or more''. In answer to whether he had been on the payroll for as long as a year he stated: ''Oh, yes, they always had my name on the payroll but I didn't work the year round.'' He was a *riveter by trade* as the evidence shows, a fact to be considered.

It is apparent that the commission, in fixing his rate of pay, based it both upon surrounding circumstances affecting his earning ability and his work as a riveter, and his work other than as a riveter, for periods of time employed within the year preceding the date of the injury, and not upon the rate of pay fixed for the type of employment (namely, as a riveter) that he was engaged in at the time of the accident.

Was the evidence sufficiently substantial to support the findings of the commission?

As is stated in the case of *Western P. & S. Co.* v. *Industrial Acc. Com.*, 194 Cal. 379, at 381 [228 Pac. 859] : ''Other, and better, evidence might possibly have been produced tending to shed light upon the question . . . but no order or rule of the Industrial Accident Commission may be invalidated because of the admission into the record, and use as proof of any fact in dispute before it, of any evidence not admissible under the common law or statutory rules of evidence. . . . At the

conclusion of the hearing before the commission the petitioner requested a continuance to enable it to take the deposition of the parents of the decedent, who were in Italy. The request was denied and petitioner now argues strenuously that this action amounted in effect to a denial of a hearing before the commission, and renders its award void and as in excess of jurisdiction, and as depriving petitioner of its property without due process. . . . The action now complained of in this case, at the very most that can be charged against it, was nothing more than an error in the proceedings of the commission which did not go to its jurisdiction to make the award. Consequently, it does not constitute a ground of review in this court.''

''The reviewing court has no authority to disturb an award for insufficiency of the evidence when there is substantial evidence to support the findings.'' (27 Cal. Jur., sec. 219.)

It must be held the evidence was substantially sufficient.

There is no showing of a lack of jurisdiction or of acts in excess of jurisdiction.

The award is affirmed.

DORAN, J., and YORK, Acting P. J., Concurring.—We concur.

Petitioner earnestly contends that his average weekly earnings should be based upon the rate of pay at which he was working at the time of his injury, for, although he was injured on the second day of his employment, such employment was for thirty hours a week or more, and that he was therefore subject to the provisions of subdivision 1 of section 12 of the Workmen's Compensation, Insurance and Safety Act of 1917, as amended. (Stats. 1933, p. 1343.)

It is urged, in support of the claim above outlined, that in the face of the evidence, the commission abused its discretion by basing the award on another and different classification and that such action by the board was unsupported by the evidence and clearly arbitrary.

In directing the method to be employed by the commission in fixing awards, subdivision 1 establishes the rule, that where the employment is for thirty hours a week or *more,* the average weekly earnings shall consist of ninety-five per cent of five times the daily earnings at the time of such injury.

Subdivision 4 of said section 12 of the act provides that where the employment is for *less* than thirty hours per week, or *where for any reason the foregoing methods* of arriving at the average weekly earnings of the injured employee *cannot reasonably and fairly be applied,* such average weekly earnings shall be taken at ninety-five per cent of such sum as shall reasonably represent the average weekly *earning capacity* of the injured employee at the time of his injury, due consideration being given to his actual earnings from all sources and employments.

Thus it will be seen that the commission is vested with authority to disregard subdivision 1 if, in its judgment, the method provided for in such subdivision cannot reasonably and fairly be applied. If there is evidence to support a finding based on a calculation under either of the methods provided for, the court is without power to disturb the award based thereon.

The law clearly contemplates that the judgment of the commission shall prevail and shall be conclusive unless there is an abuse of discretion. Such an abuse of discretion is held to occur when there is a total absence of evidence to support the findings. On the other hand, if there is any evidence, even though it may be slight and afford a ground for a wide difference of opinion, the court is without authority in the premises to set the award aside.

It is also urged by petitioner that the word "employment" in subdivision 1 means "contract of employment" and not "days of labor". This question is immaterial for it is quite evident that if the commission has authority to disregard the provisions of subdivision 1, it has that power regardless of the meaning of the word "employment".