[Civ. No. 4025. Fourth Dist. Jan. 12, 1950.]

LOY CAMPBELL et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION, MAGGIE BRADLEY et al., Respondents.

Keith, Creede & Sedgwick for Petitioners.

T. Groezinger, Robert Ball, Alvin L. Dove and Adolph Feierbach for Respondents.

MUSSELL, J.—Petitioners seek a review and annulment of a maximum death benefit award to decedent's surviving widow and her minor grandchild.

Samuel H. Bradley, aged 75, was employed temporarily as an irrigator on a ranch owned by petitioner, Loy Campbell, near Visalia, California. While so employed on July 12, 1948, Bradley fell into a pit and sustained injuries from which he died on that date.

About a year and a half prior to his death, Bradley applied for and received old age pension through the State of California in the sum of $63 per month. He was permitted by Loy Campbell, for whom he had worked in prior years, to live in an unoccupied cabin on the Campbell ranch, rent free. He performed no services in exchange for the use of the cabin but did occasional chores around the ranch, for which he was not paid, but in return for which he was allowed the use of a cabin, lights, water and wood, considered by Mr. Campbell to be of the value of $12.50 per month. His total earnings from Campbell from January 1, 1948, to the date of his death on July 12th of that year amounted to the sum of $59.

On July 9, 1948, Campbell sent his regular irrigator to a sawmill which he operated, to help out for a few days on some temporary work. He requested Bradley to take over the irrigating on the ranch until the regular irrigator returned and estimated that there was from a week to 10 days irrigating yet to be done at the time of Bradley's death. Bradley fixed his own hours and kept a record of his time. He was paid 75 cents

an hour and worked eight hours on July 9th, 10 hours on July 10th and six hours on July 11. For the three days' work, Bradley earned a total of $18 or an average of $6.00 per day.

Maggie Bradley, aged 64, his widow, filed an application with the commission, alleging that she was dependent upon Samuel H. Bradley and included also as a dependent, Archie Dockster, aged 12, her grandson, who was living with her. The boy was mentally retarded and at the time of decedent's death, Maggie Bradley was receiving the sum of $82 a month from the State Welfare Department for his care.

On May 24, 1949, respondent commission issued its findings and award wherein a maximum death benefit of $7,500 was awarded to Mrs. Bradley and to Archie Dockster.

Petitioner sought a rehearing before the commission and upon a denial thereof, a petition for writ of review was filed in this court.

The first question to be determined on this appeal is whether the average annual earnings of the decedent were sufficient to entitle the applicant to the maximum death benefit provided for in section 4702 of the state Labor Code. This section sets forth the formulae for determining death benefit and fixes the maximum and minimum benefits payable, the pertinent provisions of which are as follows:

''The death benefit shall be a sum sufficient to equal:

'' (a) In a case of total dependency, four times the average annual earnings of the deceased employee.

'' (b) In a case of partial dependency only, four times the amount annually devoted to support of the dependents by the employee.

''The death benefit shall be paid in installments in the same manner and amounts as disability indemnity, payments to be made at least twice each calendar month, unless the commission otherwise orders. Except as provided in the next paragraph the death benefit, when added to all accrued disability indemnity, shall not exceed four times the average annual earnings of the employee, nor exceed the sum of six thousand dollars ($6,000), except in the case of a surviving widow with one or more dependent minor children, in which case the death benefit shall not exceed seven thousand five hundred dollars ($7,500) and, except as otherwise provided in Sections 4553 and 4554. For a total dependency the minimum death benefit shall be three thousand dollars ($3,000).''

It is conceded that Mrs. Bradley is a total dependent. Therefore, the death benefit should be four times the average annual

earnings of the decedent. The definition of "average annual earnings" is contained in Labor Code, sections 4451 and 4453. Under the latter section, the formulae for determining average weekly earnings fall into four catagories:

(a) Where employment is 30 or more hours a week and for five or more days a week;

(b) Where the employee works for two or more employers;

(c) Where earnings are at an irregular rate such as piece work or commission basis or specified to be by week, month or other period; and

(d) Where employment is for less than 30 hours or the foregoing methods are inapplicable.

Of these four formulae, only (a) and (d) are involved in this case. Subsection (a) is as follows:

"(a) Where the employment is for 30 or more hours a week and for five or more working days a week, the average weekly earnings shall be 95 per cent of the number of working days a week times the daily earnings at the time of the injury."

Subsection (d) reads as follows:

"(d) Where the employment is for less than 30 hours per week or where for any reason the foregoing methods of arriving at the average weekly earnings cannot reasonably and fairly be applied, the average weekly earnings shall be taken at 95 per cent of the sum which reasonably represents the average weekly earning capacity of the injured employee at the time of his injury, due consideration being given to his actual earnings from all sources and employments."

The commission contends that the provisions of either subdivision (a) or subdivision (d) of section 4453 were appropriate in the instant case and justified the death benefit award of $7,500 and the petitioners maintain that the provisions of subdivision (a) of Labor Code, section 4453, were inappropriate and that although the provisions of subdivision (d) were appropriate, the maximum death benefit of $7,500 based thereon was improper under the facts.

The decedent was employed on a temporary basis at the time of the accident and the record does not contain evidence upon which it could be found that the decedent was regularly employed at the time of his death and for a long time prior thereto, yet the commission computed the decedent's average earnings under subdivision (a) of Labor Code, section 4453, on the basis that his employment was full time, that is, in excess of the statutory minimum therefor—the 30-hour, five-day week. However, it is not fair and reasonable to use

such a formula where the element of discontinuity in decedent's employment is ignored. ■ Accordingly, the award is sustainable only if computed correctly under subdivision (d), the earning capacity subdivision. (*West* v. *Industrial Acc. Com.*, 79 Cal.App.2d 711, 724 [180 P.2d 972].) In that case, the respondent, a 60-year-old woman, was hired by petitioner for $35 a week, plus room and board, as a practical nurse for petitioner's bedridden husband. Six days after her employment, a porch swing at petitioner's residence fell to the floor while respondent was sitting in it. Respondent claimed that her back was injured, the commission so found and issued an award computed on the ground that respondent's employment was full time and in discussing the application of subdivision (d) of Labor Code, section 4453, the court said:

"Respondent was working as a practical nurse at the time of the accident. Such employment is by its very nature intermittent. A practical nurse goes from case to case. Continuity of such employment is the exception rather than the rule. Yet the commission computed respondent's average earnings under subdivision (a) on the ground that her employment was full-time, that is, in excess of the statutory minimum therefor—the thirty-hour, five-day week. We note that an equally good prima facie case exists for computing them under subdivision (c) in view of the fact that her earnings were specified to be by the week. But it is unnecessary to decide this point. Neither (a) nor (c) can be used if they 'can not reasonably and fairly be applied'. If such a situation exists, resort must be had to subdivision (d). This is the situation here. It is not fair and reasonable to use either (a) or (c) because they both ignore the element of discontinuity in respondent's employment. (Cf. *Neahr* v. *Industrial Acc. Com.* (1936), 13 Cal.App.2d 146 [56 P.2d 568] ; *Mahaffey* v. *Industrial Acc. Com.* (1917), 176 Cal. 711 [171 P. 298].)" It was held that respondent's average earnings were erroneously computed on the basis of full-time employment under subdivision (a) and were not computed correctly under subdivision (d), and that the decision in *Neahr* v. *Industrial Acc. Com.*, 13 Cal.App.2d 146 [56 P.2d 568], correctly interprets subdivision (d) as applied to intermittent employees.

In the Neahr case, the commission, in fixing applicant's rate of pay as a riveter, based it both upon the surrounding circumstances affecting his earning ability and his work as a riveter, and his work other than as a riveter, for periods of time he was employed within the year preceding the date of his injury

and not upon the rate of pay fixed for the type of employment that he was engaged in at the time of the accident. The award made on this basis was affirmed.

In the instant case, Bradley had no regular employment. He was not regularly employed by petitioner Campbell and had apparently retired from the labor market on old age pension and security benefits. His total earnings from employment by Campbell during 1948 amounted to but $59. He had no past history of employment as an irrigator and the record does not disclose that he followed any regular calling. The commission ignored his past history of employment and computed his earning capacity solely on the rate of pay at the time of the accident. As was said in the West case, *supra*:

"To take the rate of pay at the time of injury and apply it on a full-time basis in computing earning capacity at that time is to ignore an established incident of intermittent employment—its discontinuity. The result may often be to give to the disabled employee a greater income from a compensation award for idleness during disability than he received while working and to bestow upon him an income far in excess of his true earning capacity. When so administered a law, the fundamental purpose of which is to shift merely a portion of the loss in earning capacity of the disabled employee from such employee and his dependents, is distorted into a device whereby it would be more profitable to be on compensation than it would be to work. Such an administration of the workmen's compensation law would invite both carelessness on the job and malingering and is therefore contrary to public policy."

While the rule is as stated in the Neahr case, *supra,* that "The reviewing court has no authority to disturb an award for insufficiency of the evidence when there is substantial evidence to support the findings," we are unable to find sufficient support in the record for the award here made.

In the case of *California etc. Ins. Co.* v. *Industrial Acc. Com.,* 86 Cal.App.2d 861 [195 P.2d 880], cited by the commission, an award for the maximum death benefit was affirmed where the decedent, a gardener, was employed to clean up a garden at the rate of $2.00 per hour on a job that was estimated to last five or six days, during the course of which decedent fell and suffered injuries that ultimately caused his death. The award computed under subdivision (a) of section 4453 of the Labor Code was affirmed on the basis of the amount

decedent was earning when injured. The evidence showed that the decedent, who died in March, 1947, had worked intermittently during the year 1946, but that in 1947 he was in excellent health, worked regularly and steadily and the court distinguished the case from that of the West case, *supra,* for these reasons. In the instant case, however, as noted, there is no evidence in the record that the decedent, Bradley, was steadily employed previous to the accident. Under the facts disclosed by the record before us, it would not be reasonable or fair to apply the earnings of the decedent for the three days preceding his death as a measure of his earnings for an average week because that presupposes an actual ability to earn approximately $6.00 per day throughout an entire year. Consequently, the formula that is set forth under subsection (d) of Labor Code, section 4453, was not correctly applied by the commission in the instant case and the maximum award of $7,500 should not have been made.

In view of what we have here said relative to the maximum award made, it is unnecessary to decide the question of whether Archie Dockster was a dependent child of Samuel H. Bradley within the meaning of the Labor Code.

We conclude that the award must be annulled as the result of an erroneous application of the law and as unreasonable. (Lab. Code, § 5952.) The case is remanded to the commission for future proceedings not inconsistent with this opinion.

Griffin, Acting P. J., concurred.