IDA J. HIGHT,

Widow of Herbert E. Hight, Applicant,

*vs.*

YORK MANUFACTURING COMPANY, et al.

York.    Opinion March 2, 1916.

*Rule of practice in appeals from findings of Industrial Accident Commission.*
*Meaning of words "average weekly wages" and how the*
*same shall be computed.*

The Workmen's Compensation Act, Public Laws, 1915, Chap. 295, fixes the method of computing the average weekly wages of an employee as follows: "If the injured employee has worked in the same employment in which he was working at the time of the accident, whether for the same employer or not, during substantially the whole of the year immediately preceding the injury, his 'average weekly wages' shall be three hundred times the average daily wages, earnings or salary which he has earned in such employment during the days when so employed and working the number of hours constituting a full working day in such employment divided by fifty-two."

The deceased employee had been engaged in the same employment for the York Manufacturing Company for more than a year preceding the injury. He had received fourteen dollars and fifty cents per week for his labor. Fifty-eight hours constituted a week's work and the time was so arranged that the employees worked ten and one-half hours a day for five days in the week and five and one-half hours or practically one-half day on Saturday.

*Held:*

1.   That the varying hours in no way affected the earning capacity or the actual earnings of the employee. He received the same amount as if the hours were equally divided among the six days, and his average daily wages are unaffected thereby.

2.   That to ascertain the average daily wages the total amount earned for the week, or fourteen dollars and fifty cents, must be divided by six, the number of working days, which gives $2.416 as the average daily wages, instead of dividing by five and one-half which gives $2.636 as the average daily wages.

3.   The weekly number of hours being limited to fifty-eight, the division must be made by six however the hours may be divided among the days. The legislature did not intend that the average weekly wages should be reckoned as more than the highest weekly wages the employee ever earned in his employment.

VOL. CXVI 8

Appeal from the findings of the Industrial Accident Commission of the State of Maine relative to the meaning of the term or words "Average Weekly Wages" and how the same shall be interpreted and computed as found in Workmen's Compensation Act, R. S., 1916, Chap. 50. Appeal sustained.

Case stated in opinion.

*Emery & Waterhouse,* for respondents.

SITTING: SAVAGE, C. J., CORNISH, BIRD, HANSON, MADIGAN, JJ.

CORNISH, J. The Workmen's Compensation Act, P. L. 1915, Chap. 295, R. S., 1916, Chap. 50, Secs. 1-49, provides in section 34 for an appeal to the Law Court upon questions of law by following the method therein prescribed. The procedure is briefly this: The findings of the Commission upon questions of fact are final in the absence of fraud. After a decision has been filed by the Commission, any party in interest may present certified copies of the same or of any order of the Commission or of its Chairman, or of any memorandum of agreements approved by the Commission, together with all papers in connection therewith to the Clerk of Courts for the County in which the injury occurred. The case is then entered on the equity docket in that County. A single Justice shall thereupon without hearing or independent investigation or determination render a decree in accordance with the decision of the Commission. The duties of the Justice are in their nature ministerial rather than judicial. He does not pass upon the rights of the parties, but signs a decree in conformity with the decision of the Commission. All interested parties are then notified of this decree, and an appeal therefrom to the Law Court may be had as in equity except that there shall be no appeal upon questions of fact found by the Commission or its chairman nor where the decree is based upon a memorandum of agreement approved by the Commission.

This case is the first that has been brought to this court under that Act, and all the statutory steps have been taken to perfect the appeal. It involves a construction of the statute itself which is a question of law, and therefore is properly here. *Rakiec* v. *D. L. & W. R. R. Co.,* 88 At., 953, (N. J. 1913).

. Herbert E. Hight, an employee of the York Manufacturing Company, died on April 16, 1916, from an injury received on February 28,

1916.   Section 12 of the Act fixes the amount of compensation where death results from an injury as "a weekly payment equal to one-half his average weekly wages, earnings or salary but not more than ten dollars nor less than four dollars a week for a period of three hundred weeks from the date of the injury."   The precise question at issue here is the amount of the "average weekly wages" of Mr. Hight, and that depends upon the correct method to be adopted in computing his average daily wages.

Section 1, paragraph IX reads:   "Average weekly wages, earnings or salary of an injured employee shall be computed as follows:

(a)   If the injured employee has worked in the same employment in which he was working at the time of the accident, whether for the same employer or not, during substantially the whole of the year immediately preceding his injury, his 'average weekly wages' shall be three hundred times the average daily wages, earnings or salary which he has earned in such employment during the days when so employed and working the number of hours constituting a full working day in such employment divided by fifty-two."

It is not disputed that Mr. Hight had been engaged in the same employment for the York Manufacturing Company for more than a year preceding the injury; that he had received fourteen dollars and fifty cents per week for his labor, that fifty-eight hours constituted a week's work, and that the time was so arranged that the employees worked ten and one-half hours a day for five days in the week, and five and one-half hours or practically one-half day on Saturday.   To ascertain the average daily wages the Commission divided fourteen dollars and fifty cents by five and one-half, which gives an average daily wage of two dollars sixty-three cents and six mills ($2.636). Multiplying that amount by three hundred and dividing by fifty-two in accordance with the directions of the statute, the average weekly wages were ascertained to be fifteen dollars and twenty cents, and one-half the same seven dollars and sixty cents.   That sum was fixed in the decree, from which an appeal was taken.

The defendant contends that the fourteen dollars and fifty cents should be divided by six, the number of working days, which gives two dollars forty-one cents and six mills ($2.416) as the average daily wages.   Multiplying that amount by three hundred and dividing by fifty-two makes the average weekly wages thirteen dollars and

ninety-two cents ($13.92) one-half of which is six dollars and ninety-six cents ($6.96).

Which method of computation is prescribed by the statute? Shall the divisor be five and one-half or six? This is the only issue involved in this case, and while the amount involved is not large, the decision must serve as a precedent in future cases and is therefore important. In our opinion, under the admitted facts, the divisor should be six in accordance with the contention of the defendant. The words of the statute are: "The average daily wages, earnings or salary, which he has earned in such employment, during the days when so employed and working the number of hours constituting a full working day in such employment."

The situation is this. Mr. Hight received a week's wages for a week's work, and he did a week's work for a week's wages. Fifty-eight hours constituted a week's work in that employment and he could and did work no longer than that in any one week. Had the hours been apportioned equally among the six working days, each day would have had nine and two-thirds working hours. That is in reality "the number of hours constituting a full working day in that employment." Had this been the custom no one would question that the total amount of the week's wages should be divided by six in order to ascertain the average daily wages. The fact that for the sake of mutual convenience or for any other reason the hours were so apportioned that for five days the employee worked more than nine and two-thirds hours, to wit, ten and one-half hours, and on the sixth day worked less, to wit, five and one-half hours, should not change the rule. The number might vary every day in the week, but if the total was fifty-eight the average, which is the mean between extremes, should be calculated by dividing by six. The varying hours in no way affect the earning capacity or the actual earnings of the employee. He receives the same amount as if the hours were equally divided and his average daily wages are unaffected thereby. If he remains idle on Saturday afternoon after having crowded the required weekly labor into less than six days, his weekly wages will be no less, and if he works at some other employment during that half day and receives extra pay therefor, that cannot be considered in this computation, and his weekly wages in this employment would be no more. The weekly number of hours being limited to fifty-eight, the division must be made by six, however the hours may be arranged.

Dividing by five and one-half is not in compliance with the statute because the number of hours in those days, ten and one-half, exceeds "the number constituting a full working day in that employment," nine and two-thirds, and the result is that the injured employee is given compensation on the basis of six days of ten and one-half hours each or sixty-three hours per week, five hours more than he actually worked. Before the injury his average daily wages were computed and paid on the basis of a fifty-eight hour a week service, after the injury on the basis of a sixty-three hour a week service. The purpose of the statute is to have the same basis for both. The legislature never intended that the average weekly wages should be reckoned as more than the highest weekly wage the employee ever earned in his employment. Such a method of computation is self destructive.

The illustration put by the counsel for the defendant is apt. Suppose a locomotive engineer, whose weekly wages are twenty-four dollars per week, or four dollars per day, has his work so assigned that his actual labor is crowded within four long-houred days. The other two days he rests. His compensation as computed by the method of the Commission would be ascertained by dividing twenty-four by four, making six dollars instead of four as the average daily pay. Multiplying that sum by three hundred and dividing by fifty-two would fix thirty-four dollars and forty-two cents as his average weekly wage on which to base his future compensation, an excess of more than ten dollars per week over actual earnings. Such a result is within neither the letter nor the spirit of the statute.

The object sought by the Workmen's Compensation Act is the ascertainment of the earning capacity of the workman as shown by his constant employment in the past, in order that the remuneration after shall have relation to the remuneration before the injury. The method of computation prescribed in this opinion accomplishes that result.

Our conclusion therefore is that the appeal should be sustained and the decree of the sitting Justice modified by substituting six dollars and ninety-six cents for seven dollars and sixty cents as the weekly compensation to be paid to the dependent widow for a period of three hundred weeks from the sixteenth day of April, 1916, this compensation to be exclusive of the compensation received for disability prior to the death of Herbert E. Hight.

*So ordered.*