F. A. BENNETT ET AL., PROSECUTORS, v. AL FERTIG, RESPONDENT.

Submitted May 3, 1932—Decided August 27, 1932.

Before Justices PARKER, CAMPBELL and LLOYD.

For the prosecutor, *Michael N. Chanalis.*

For the respondent, *Samuel S. Ferster.*

PER CURIAM.

The only claim is that the weekly award is excessive and not warranted by the statute. The employe had worked two days a week at $1.50 per day and the commissioner awarded $7.50 per week based on the latter part of subdivision G, paragraph 23, section 23, which is as follows, as amended by *Pamph. L.* 1931, *p.* 707:

"(g) Whenever in section two of this act the term 'wages' is used it shall be construed to mean the money rate at which the service rendered is recompensed under the contract of hiring in force at the time of the accident, and shall not include gratuities received from the employer or others. * * * In any case the weekly wage shall be found by multiplying the daily wage by five or if the employe worked a greater proportion of the week regularly, then by five and one-half, six, six and one-half, or seven, according to the customary number of working days constituting an ordinary week in the character of the work involved. Five days shall constitute a minimum week."

This seems to be identical with the section as found in *Pamph. L.* 1919, *p.* 213, except that the last sentence, "five days shall constitute a minimum week" was added in 1931. The accident occurred on August 8th, 1931, and the new law was then in effect.

The commissioner's determination is as follows:

"Respondent and petitioner having stipulated that this accident arose out of and during the course of employment, that notice of the accident was given within the time prescribed by law and that as the result of the said accident, petitioner was fully compensated for his temporary disability for which no claim is made under the claim petition and that the petitioner is disabled to the extent of ten per cent. (10%) of total disability which would entitle him to receive fifty (50) weeks' compensation. The sole cause at issue is the question of rate. Petitioner and respondent have stipulated and there is no question that petitioner was in the employ of the respondent two days only per week and that he earned as wages one dollar and fifty cents ($1.50) per day and that for the two days he worked for respondent he received three dollars ($3) each week. Respondent contends that his compensation rate should be three dollars ($3) or the full amount of wages which he earned while working for the respondent two days per week. I, however, find that the interpretation of section G which has been made by this bureau, is that in order to find the weekly wage, one must multiply the daily wage, which has been agreed upon in this case to be one dollar and fifty cents ($1.50) by five which is the minimum week and I fix his compensation rate at the rate of $7.50 per week."

We think the commissioner correctly applied the statute, and while there seems to be an element of hardship in the case, it is one of those hardships inseparable from the enactment of a general rule applicable to all cases within its purview.

The award is affirmed.