ANDREW MODIN v. CITY LAND COMPANY AND OTHERS.
CITY OF DULUTH, RELATOR.[1]

September 29, 1933.

No. 29,526.

*Bert W. Forbes, Harry E. Weinberg,* and *Alfred J. Weinberg,* for relator.

*C. H. Schaefer,* for respondent-employe.

*Whipple & Atmore,* for respondent City Land Company and London Guaranty & Accident Company, its insurer.

*HOLT, Justice.*

Certiorari to review a decision of the industrial commission awarding respondent compensation for accidental injuries arising out of and in the course of his employment.

There were two injuries received about a year apart in the service of two different employers. Respondent joined both in his application for compensation. The first injury was received in April, 1931, while in the employ of the City Land Company, and consisted of a

[1]Reported in 250 N. W. 73.

back sprain. In March, 1932, while working for the city of Duluth, in moving street car rails with three other men, an accidental strain brought on a recurrence of the back sprain and consequent disability. The commission awarded compensation and medical services on account of the first injury against the City Land Company. The company makes no complaint in respect thereto. The commission also awarded compensation for disability and medical services against the city of Duluth, the relator herein. The city assigns as errors (a) that the compensation is contrary to the law and the evidence; (b) that the amount of the award is not justified by the law and the evidence.

The relator in the brief and in the oral argument makes no contention against liability to pay for medical expenses and some amount as compensation, the commission having found that there was a recovery from the first injury before respondent entered relator's employ. The award against relator was $14.67 per week during respondent's disability. There is no dispute that the second injury produced temporary total disability. Relator claims that neither the evidence nor the law justifies the amount of weekly payments awarded.

1 Mason Minn. St. 1927, § 4274(a), provides that the compensation for temporary total disability shall be 66 2/3 per centum "of the daily wage at the time of injury subject to a maximum compensation of twenty ($20.00) dollars per week and a minimum of eight ($8.00) dollars per week; provided, that if at the time of injury the employe receives wages of eight ($8.00) dollars or less per week, then he shall receive the full amount of such wages per week."

Section 4325 provides that "the weekly wage shall be arrived at by multiplying the daily wage by the number of days and fractional days normally worked in the business of the employer for the employment involved; provided that the weekly wage shall not be less than five and one-half times the daily wage."

The statutory provisions just quoted are so specific and plain that there is no room for construction. Respondent's daily wage was $4

when injured. The employment was for three days a week for two weeks, and then he had to give way to other unemployed men who were to work on the same terms for the city. The work carried on by the city was to give relief to the unemployed. In so far as it was necessary to determine respondent's weekly wage, his daily wage must be multiplied by five and one-half. The commission did so. Individual cases may give the impression that the statute is unduly harsh either against the employer or against the employe. In the instant case respondent receives more from the city by the award than he would have been in a position to receive had he not been injured. Workmen's compensation acts are framed upon the theory that industry or business must bear the loss resulting to workmen from personal injuries caused by accidents arising out of and in the course of the employment. When a workman is disabled he can earn nothing during the continuance of the disability; and the amount of loss does not necessarily depend upon whether the employment was for a definite period or for a day or for a week only. The incapacity or disability prevents him earning wages in other employments. When it comes to accidents resulting in the death of the workman, the loss to his dependents may not be materially different whether the employment was continuous or discontinuous or intermittent between several employers. It falls upon the one who was employer when the fatal accident took place. As an example of this we cite Stevens v. Village of Nashwauk, 161 Minn. 20, 200 N. W. 927. Anderson v. Roberts-Karp Hotel Co. 171 Minn. 402, 214 N. W. 265, is also somewhat in point. Relator cites several cases from other jurisdictions construing certain provisions of their workmen's compensation acts. Among them are Hight v. York Mfg. Co. 116 Me. 81, 100 A. 9, L. R. A. 1917E, 277; Littler v. George A. Fuller Co. 223 N. Y. 369, 119 N. E. 554; State Road Comm. v. Industrial Comm. 56 Utah, 252, 190 P. 544; Andrew F. Mahony Co. v. Marshall (D. C.) 46 F. (2d) 539. These cases and others cited do not furnish us aid, on account of the difference in the language of the provisions in the different workmen's compensation acts. Under ours the daily wage determines the amount of compen-

sation payable per week. To arrive at such amount under the quoted proviso of § 4325, the daily wage must be multiplied by five and one-half. If compliance with this specific direction works injustice to an employer situate as was relator, the remedy is in the legislature and not in the commission or the court. The award is in accordance with the statute.

Respondent was represented in this court by an attorney in the employ of the commission, and therefore the taxable costs will include no attorney's fees.

The writ is discharged, and the award of the commission is affirmed.