(No. 22647.—

THE TRUAX-TRAER COAL COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(MILDRED COCHRAN *et al.* Defendants in Error.)

*Opinion filed December 16, 1935.*

THOMAS P. SINNETT, and W. C. ROPIEQUET, for plaintiff in error.

W. R. KEE, and LAN HANEY, for defendants in error.

Per CURIAM: This is a writ of error to review a judgment of the circuit court of Jackson county confirming an award of the Industrial Commission.

On December 28, 1932, A. E. Cochran sustained an injury arising out of and in the course of his employment with petitioner, which resulted in his death. He left surviving him a widow and six children, each child being under sixteen years of age. On application of his widow for compensation the arbitrator awarded a total sum of $5500. The Industrial Commission confirmed this award, and on *certiorari* the circuit court confirmed the decision of the Industrial Commission.

The arbitrator found the annual earnings of the deceased to be $1078. This finding was based on an average daily wage of $5.39 and a minimum of 200 days per year.

The employer contends that the award should be based on the actual number of days worked, which was 168, at the daily wage of $5.39, or a total of $905.52 instead of $1078. The arbitrator followed the statute, and there was no error in his computation or in the use of the 200 days as a minimum upon which to base the award. *Ruda* v. *Industrial Board*, 283 Ill. 550; *Stellwagen* v. *Industrial Com.* 359 id. 557.

The other question presented was considered and decided in *Moweaqua Coal Corp.* v. *Industrial Com.* 360 Ill. 194. In that case we held that the maximum amount of compensation to be awarded under the facts above stated is four times the annual earnings of the deceased employee.

The judgment of the circuit court of Jackson county is reversed and the cause is remanded to that court, with directions to enter an award for the sum of $4312.

*Reversed and remanded, with directions.*