JAMES LEE PRYOR, defendant below, appellant, v. OTIS BRICKLEY, claimant below, respondent.

6

(*February* 28, 1939.)

LAYTON, C. J., and RODNEY, J., sitting.

*Stewart Lynch for* appellant.

*John S. Walker* for respondent.

Superior Court for New Castle County, No. 169, May Term, 1938.

LAYTON, C. J., delivering the opinion of the Court:

The second sentence of Section 6117 of the *Revised Code* begins thus: "In occupations involving seasonal employment or employment dependent upon the weather".

The Industrial Accident Board held the phrase, "dependent upon the weather", to be merely a descriptive reference to the word "seasonal"; as the employer admitted that carpentry was not a seasonal employment, and as obviously it was not "casual", it necessarily fell into the category of employments denominated as "continuous"; and the injury, therefore, was compensable under the third sentence of the section which is concerned with continuous employments.

This was error. The second sentence of the section makes compensable provisions for two distinct types of employment. The descriptive word "seasonal" is a common place word. Its meaning as pertaining to the season of the year is well understood. A seasonal employment is no more or less than one which pertains to a specific season of the year, and, as used in the statute, it means that kind of labor which can be performed only during certain periods of the year. A seasonal employment is not one dependent upon the weather except in a large and general sense. It is one dependent upon conditions caused mainly by the relative position of the earth's axis with respect to the sun. Likewise, except in a large and general sense, an employment dependent upon the weather is not a seasonal employment. It is an employment dependent upon weather conditions gener-

ally, the fluctuations of which may occur in any season of the year.

It is a matter of common knowledge that the occupation of a carpenter, generally speaking, is one dependent upon the weather. Except in special cases every carpenter in this jurisdiction knows that the constancy of his employment and the extent of his ability to earn is narrowed by weather conditions in every season of the year, a fortuity incident to the employment. It is true that carpenters can do inside work when the condition of the weather would not permit work outside; but it is equally true that, in the general aspects of the occupation, no matter how careful the planning, opportunity to labor is constantly lost by adverse weather conditions.

The claimant, by his own testimony, definitely recognized this hazard. It is clear from the evidence that his employment as a carpenter was neither special nor unusual. It was that of the average carpenter subject to inconstant weather conditions.

From the Board's opinion, it is evident that it was influenced by the belief that ascertainment of the claimant's weekly wage by the method provided for employments seasonal and dependent upon the weather would not fairly reflect his earnings. It is not for the administrative board, however, nor for the courts to determine whether a workman's compensation act is broader or narrower than a sound public policy requires. The remedy, if one is needed, is for the Legislature to supply.

The claimant's employment was one dependent upon the weather, and his compensation must be determined under the applicable provisions of the statute.

The cause is remanded to the Industrial Accident Board for its determination in conformity herewith.