## Black Mountain Corporation v. Adkins et al.

Nov. 24, 1939.

618

J. B. Snyder for appellant.

Golden & Lay for appellees.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

This is an appeal from a judgment of the Harlan Circuit Court affirming an award of the Workmen's Compensation Board and adjudging that the appellee, Adkins, recover of the appellant $9.87 per week for a period of sixteen weeks for temporary total disability and $3.29 per week for a period of three hundred and nineteen weeks for a permanent partial disability of 33 1/3% to his body as a whole, all subject to a credit for monies theretofore paid. Two grounds in opposition to the award are urged: (1) That since the Fair Labor Standards Act of 1938, Chapter 676 of Acts of the Seventy-Fifth Congress of the United States, 52 Stat. 1060, 29 U. S. C. A., Sections 201-219, provides for a 44 hour work week for employees of employers engaged in interstate commerce, the Board was in error in computing the average weekly wage earned by Adkins on the basis of a 6 day rather than a 5½ day week; and (2) that since Adkins' injury was to his leg below the knee, the award should have been limited to compensation for a period of 200 weeks, the maximum provided by Section 4899, Kentucky Statutes, for the loss of a leg. We shall dispose of these contentions in their order.

I.   It was the intention of Congress in enacting the

Fair Labor Standards Act to benefit employees by increasing their wages, rather than to diminish their compensation in the event of injury. Assuming, but not deciding, that Congress has the power to supercede state laws enacted for the benefit of employees engaged in interstate commerce, by no stretch of the imagination could it be said that Congress had any such intention in enacting the legislation under consideration. Moreover, its purpose was not to limit the number of hours which an employer engaged in interstate commerce might require his employees to work during each week, but to require that they be paid additional compensation in the event they were compelled to work for a longer number of hours than the maximum prescribed. Subsection (a), Section 7 of the Act, 29 U. S. C. A., Section 207(a), is as follows:

> "No employer shall, except as otherwise provided in this section, employ any of his employees who is engaged in commerce or in the production of goods for commerce—

> "(1) for a workweek longer than forty-four hours during the first year from the effective date of this section,

> "(2) for a workweek longer than forty-two hours during the second year from such date, or

> "(3) for a workweek longer than forty hours after the expiration of the second year from such date, *unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."*
> (Italics ours).

It is true that Kentucky Statutes, Section 4905, requiring that compensation shall be computed at the average weekly wage earned by the injured employee does not prescribe either the number of working hours or the number of days to be included within the week, but, as said by this Court in Beaver Dam Coal Company v. Hocker, 202 Ky. 398, 259 S. W. 1010, 1011:

> "If only the employee's average weekly wage were to be controlling, there would have been no necessity for adding the words, 'reckoning wages as earned while working at full time.' One who works only part of a day, or only two or three days out of a

week, or only a few weeks out of a year, cannot be said to be working at full time. We therefore conclude that the words 'at full time' necessarily mean a full working day for six days in every week of the year.''

This construction of the Act was adopted to effectuate its purpose which is to afford financial protection to the employee and his dependents in the event he is injured or killed in an accident arising out of and in the course of his employment. Benito Mining Company v. Girdner, 271 Ky. 87, 111 S. W. (2d) 571; Fulton Ice Company v. Meacham, et al., 273 Ky. 483, 117 S. W. (2d) 195.

The language of the Fair Labor Standards Act admits of no controversy with respect to its meaning, and it is apparent that no reason has been shown for changing the long established rule in this state, by which, for the purpose of compensation, the average weekly wage of an injured employee is computed on the basis of a six day week.

II. The Board's finding as to the extent of Adkins' injuries was as follows:

"As a result of the accident, plaintiff sustained an injury to his right knee which totally disabled him from the date of the accident to January 1, 1938, a period of sixteen weeks, which was followed by a permanent partial disability to the body as a whole of 33 1/3%.

"Plaintiff has received compensation from the defendant in the sum of $112.15."

Appellant concedes that Adkins was totally disabled for a period of sixteen weeks following his injury, and that he has a permanent partial disability not exceeding 10%. However, the finding of the Board as to the extent of Adkins' permanent partial disability is amply sustained by the testimony, and since this testimony was of the requisite probative value we have no alternative but to affirm the award unless as a matter of law the Board was without power to award greater compensation for permanent partial disability from the leg injury than it was empowered to award for the loss of the leg itself. Three Rivers Oil Corporation v. Harper, 258 Ky. 253, 79 S. W. (2d) 972, 973; Benito Mining Company v. Girdner, et al., supra.

Appellant's contention that the Board cannot award more for a disability to the body resulting from an injury to a limb than for the severance of the limb itself has been made in this Court on several occasions and has always been answered in the negative. Hart & Commodari Construction Company v. Turner et al., 261 Ky. 230, 87 S. W. (2d) 87, and authorities there cited. Following the rule in this state, as well as that which prevails in other jurisdictions, we are compelled to hold that since there was ample evidence to sustain the finding that the injury to Adkins' leg had resulted in a permanent disability of 33 1/3% to his body as a whole, the Board was empowered to award him the compensation to which such disability entitled him, notwithstanding the fact that the compensation to which he would have been entitled for the loss of the leg itself would have been a lesser amount.

Judgment affirmed.