GLADYS FERCH v. GREAT ATLANTIC & PACIFIC TEA COMPANY.[1]

June 7, 1940.

No. 32,416.

*Snyder, Gale & Richards,* for relator.
*Bruce E. Russell* and *Louis H. Joss,* for respondent.

[1]Reported in 292 N. W. 424.

10

STONE, JUSTICE.

*Certiorari* to review an order of the industrial commission awarding compensation to the widow and surviving children of Arthur Ferch.

Saturday, February 18, 1939, Ferch was in relator's employ as a "Saturday man" at one of its large grocery stores in Minneapolis. His job was to pack groceries for customers and to carry heavy loads to their cars. At 2:15 that afternoon he was directed to carry a 100-pound sack of sugar for a customer. Twenty minutes later the manager found him in the back room of the store. He "did not feel well." His "side pained him." On the manager's suggestion he took the rest of the day off. He walked home, experiencing severe pain in his chest and back. Later in the afternoon he walked to the office of Dr. Russeth. He returned to the store that night about closing time, and again on Tuesday and Wednesday, talking to employes. Wednesday he talked to the manager, saying he could do no bending because his side was taped. The manager told him that he would be given an "upright job" in the produce department the following Saturday. Returning home the same morning Ferch suffered severe pain and, after lunch, went to his bedroom and lay down. Shortly thereafter his wife found him dead.

The medical testimony on both sides is that death was caused by extravasation of blood into the media of the aorta artery, until the outer wall broke, permitting blood to flow into the area surrounding the heart. The flowage was caused by a tear of the intima of the aorta and a split (described as a dissecting aneurism) of the wall of the aorta. Post mortem disclosed a pint of blood in the pericardial sac.

■ The first question presented is whether there is evidence to sustain the finding that deceased suffered injury in the course of employment which led to death. Petitioner's position is that the injury and death were result of the strain of carrying the sugar. Prior thereto deceased had seemingly been in good health. He had not lost any time from work because of illness, nor had he had occasion for medical attention. It is established

that he was ordered to, and did, carry the sugar. Twenty minutes later he was found in the rear of the store suffering pain. That, taken in connection with the medical evidence, is enough, we think, to justify the inference that injury and death arose out of and in the course of employment.

Dr. McCartney, who performed the autopsy, testified for relator. On cross-examination, he stated that "the strain of lifting a sack of sugar * * * *could* have caused the tear of the aorta." In this he agreed with the witnesses for petitioner, who testified that in their opinions such strain *was* the cause of death. There was evidence of degenerative changes in the elastic tissue of the media and an inflammatory process present in the wall. Testimony of Dr. McCartney that this condition, and not strain, was the cause of death, was expressly based upon the assumption that deceased suffered no pain immediately after his exertion. We think, however, that because the evidence shows pain within 20 minutes after the lifting, and because deceased had some time before withdrawn from the front of the store, there is room for the conclusion that the pain did follow immediately.

The result is based upon inference. Because, however, it was reasonably to be drawn from the facts in evidence, and cannot be said to rest upon mere conjecture, decision of referee and commission is not to be disturbed.

■ Over vigorous objection, the doctors testifying for petitioner were permitted to give their opinions as to deceased's condition and the cause of death, based, in part at least, on deceased's statement, made to one of them during the course of treatment, that he suffered "severe pain in the back radiating through the chest," which, deceased had said, followed "his carrying a 100-pound sack of sugar."

The testimony was admitted on the ground that the declaration of deceased was part of the *res gestae,* under the rule of Jacobs v. Village of Buhl, 199 Minn. 572, 273 N. W. 245. The objection was and is that the doctors' opinions were based on a statement of the patient concerning not existing pains and

12

symptoms, but "past transactions," and were therefore inadmissible under the rule of Sund v. C. R. I. & P. Ry. Co. 164 Minn. 24, 204 N. W. 628; Strommen v. Prudential Ins. Co. 187 Minn. 381, 245 N. W. 632. We do not find it necessary to consider whether the opinions given were based upon a hearsay statement of the patient, and, if so, whether the statement itself was admissible under any exception to the hearsay rule.

At the time the doctors testified there was already in the record legally sufficient evidence that deceased had carried the sugar and that he suffered pain immediately thereafter. Their opinions, that in such case the condition disclosed by ante- and post-mortem examinations was the result of strain, may thus be referred to facts already in evidence and not to the patient's statement concerning "past transactions." For this reason, receipt of the doctors' opinions is not ground for reversal. Strommen v. Prudential Ins. Co. 187 Minn. 381, 245 N. W. 632.

■ Deceased had worked for relator on Saturdays only. He earned 38 cents an hour and normally worked a nine-hour day. His weekly compensation had for long been about $3.50. Because the store was usually open six days a week, referee and commission found that deceased's weekly wage was $20.52 and awarded his widow and children compensation of $12.31 weekly. That result was required by 1 Mason Minn. St. 1927, § 4325. In Modin v. City Land Co. 189 Minn. 517, 250 N. W. 73, the statute was applied to similar facts. See also Lee v. Villard Consolidated School Dist. No. 5, 192 Minn. 449, 257 N. W. 90. Nothing need be added to the discussions therein contained.

Respondent is allowed $100 for attorney's fees in this court. Order affirmed.