141 P.2d 321

**LA RUE v. JOHNSON et al.**

No. 4736.

Supreme Court of New Mexico.

Sept. 14, 1943.

Dailey & Rogers, of Albuquerque, for appellants.

Howard M. Rosenthal, of Socorro, for appellee.

BRICE, Justice.

This is a workman's compensation case, the facts of which are as follows:

The appellants Johnson owned a laundry and appellee was employed therein as an ironer and mangler from April 1, 1941, to July 31, 1941, at a wage of 20¢ per hour. On and between these dates she worked six days per week, or 104 days, averaging 3.68 hours per day. The wages paid her during the time aggregated $74.43, or $4.36 per week. On July 31, 1941, she suffered an injury to her dexterous hand (which injury arose out of and in the course of her employment), that totally and permanently disabled her. The trial court concluded that she was entitled to compensation in the sum of $8.40 per week for 550 weeks, and entered judgment therefor, together with $400 for medical and surgical care and hospitalization; and $250 for attorney's fees to be paid to her counsel for her representation in the district court.

Appellants agree that as appellee's average weekly earnings were less than $10 per week the compensation to be paid appellee shall be "the full amount of such weekly earnings," Sec. 57-918(a), N.M.Sts.1941, but assert that the trial court erred in its finding and conclusion that appellee's "average weekly wage" was $8.40; that in fact it was $4.36. As the average weekly wage of an injured employee is the basis upon which compensation payments are determined, the solution must be found by a construction of Sec. 57-912(m), the pertinent parts of which are as follows:

"(m) The average weekly wage of an injured employee shall be taken as the basis upon which to compute compensation payments and shall be determined as follows:

"(1) Whenever the term 'wages' is used, it shall be construed to mean the money rate at which the services rendered are recompensed under the contract of hire in force at the time of the accident, either express or implied, * * *

"(2) Average weekly wages for the purpose of computing benefits provided in this Act, * * * shall, except as hereinafter provided, be calculated upon the monthly, weekly, daily, hourly, or other remuneration which the injured or killed employee was receiving at the time of the injury, and in the following manner, to-wit:

"a. Where the employee is being paid by the month for his services under a contract of hire, the weekly wage shall be determined by multiplying the monthly wage or salary at the time of the accident, by twelve and dividing by fifty-two.

"b. Where the employee is being paid by the week for his services under a contract of hire, said weekly remuneration at the time of the accident shall be deemed to be the weekly wage for the purposes of the Act.

"c. Where the employee is rendering service on a per diem basis, the weekly wage shall be determined by multiplying the daily wage by the number of days and fractions of days in the week during which the employee under a contract of hire was working at the time of the accident, or would have worked if the accident had not intervened; provided, however, that in no case shall the daily wage be multiplied by less than three for the purpose of determining the weekly wage.

"d. Where the employee is being paid by the hour, the weekly wage shall be determined by multiplying the hourly rate by the number of hours in a day during which the employee was working at the time of the accident, or would have worked if the accident had not intervened, to determine the daily wage; then the weekly wage shall be determined from said daily wage in the manner set forth in sub-paragraph (c) hereof; provided, that in no case shall the hourly rate be multiplied by less than seven.

*    *    *    *    *    *

"(3) Provided further, however, that in any case where the foregoing methods of computing the average weekly wage of the employee by reason of the nature of the

employment or the fact that the injured employee has not worked a sufficient length of time to enable his earnings to be fairly computed thereunder, or has been ill or in business for himself, or where for any other reason said methods will not fairly compute the average weekly wage; in each particular case computation of the average weekly wage of said employee in such other manner and by such other method as will be based upon the facts presented fairly determine such employee's average weekly wage."

The contention of appellants is that the trial court determined the average weekly wage as provided in sub-section (2)d, heretofore quoted; whereas the use of such formula (it is said) is unfair to appellants; and therefore the average weekly wage should have been determined as provided in paragraph (3) supra.

The statutes quoted were adopted practically verbatim from the laws of Colorado, but we do not find from our research that either subsection c or d has been construed by the Supreme Court of that state. But similar statutes of other states have been construed in the following cases: Franklin v. Floria & Co., La.App., 158 So. 591; Ricks v. Crowell & Spencer Lbr. Co., La. App., 189 So. 466; Modin v. City Land Co., 189 Minn. 517, 520, 250 N.W. 73; Ferch v. Great Atlantic & Pacific Tea Co., 208 Minn. 9, 292 N.W. 424; Bennett v. Fertig, 162 A. 95, 10 N.J.Misc. 1021; Jensen v. Atlantic Refining Co., 262 Pa. 374, 105 A. 545; Romig v. Champion, etc., Co., 315 Pa. 97, 172 A. 293; Texas Employers Ins. Ass'n v. Thrash, Tex.Civ.App., 136 S.W.2d 905; Texas Employers' Ins. Ass'n v. Peppers, Tex.Civ.App., 133 S.W.2d 165; American Smelting & Refining Co. v. Industrial Comm., 92 Utah 444, 69 P.2d 271; Royal Canning Corp. v. Industrial Comm., 101 Utah 323, 121 P.2d 406; Shuttleworth v. Interstate Power Co., 217 Iowa 398, 251 N.W. 727; Truax-Traer Coal Co. v. Industrial Comm., 362 Ill. 75, 199 N.E. 113; Chatfield v. Jellico Coal Min. Co., 205 Ky. 415, 265 S.W. 943; Black Mountain Corp. v. Adkins, 280 Ky. 617, 133 S.W.2d 900; Benito Min. Co. v. Girdner, 271 Ky. 87, 111 S.W.2d 571; Baker v. Western Power & Light Co., 147 Kan. 571, 78 P.2d 36; Morris v. Garden City Co., 144 Kan. 790, 62 P.2d 920.

In none of these cases has a similar formula been rejected upon a theory of unfairness.

The Louisiana statute, Act No. 20 of 1914, is similar to that of New Mexico. It was held in Franklin v. Floria & Co., supra, that although the employee had not worked so much as eight hours (a full day) during any one day for sometime preceding the date of his injury, yet he was entitled to compensation based on a weekly wage of six days of eight hours each. The court said [158 So. 594]: "The rule is well settled that, whether the claimant had actually worked fewer than the normal number of hours customary in the particular kind of work involved, nevertheless the daily rate of pay, as contemplated by the

act, is obtained by multiplying the hourly rate by the number of hours in the normal working day. There is evidence, which is not rebutted, that eight hours is considered a normal working day and six days is a normal working week for longshoremen and stevedores and we, therefore, conclude that the average weekly wage of Franklin, for the purpose of fixing compensation, must be presumed to be six times $5.20, or $31.20. The compensation is, therefore, the maximum, or $20, per week."

The Minnesota statute provides "that the weekly wage shall not be less than five and one-half times the daily wage." Minn. St.1927, § 4325. In Modin v. City Land Co., supra, the employee worked only three days per week. It was held that his weekly wage was 5½ times $4 (his daily wage). In Ferch v. Great Atlantic & Pacific Tea Co., supra, the employee worked Saturdays only in a store that was usually operated six days a week. He earned 38¢ an hour and normally worked nine hours a day, earning $3.42. It was held that in determining his weekly wage for compensation the $3.42 should be multiplied by six.

The laws of New Jersey, N.J.S.A. 34:15–37, provide that five days shall constitute a minimum week, for compensation purposes, and in Bennett v. Fertig, supra, it was held that although the employee had worked only two days a week for $1.50 per day, that his weekly wage for compensation was five times the daily wage, or $7.50 per week.

The laws of Pennsylvania, 77 P.S. § 582, provide that an employee's weekly wage shall be taken to be 5½ times his average earnings at such rate for a working day of ordinary length. In Jensen v. Atlantic Refining Co., supra, the employee worked for a period of thirty-eight calendar days during which time he lost eight days on account of sickness. It was held that his weekly wage should be determined by multiplying his daily wage of $3.39 by 5½, the usual number of days worked in a week, notwithstanding he had worked a less number of days.

In American Smelting & Refining Co. v. Industrial Commission, supra, it was held that although the employee had worked but five days a week, that under the statute, Rev.St.1933, 42-1-70, which provides that a full time basis shall be used for determining the weekly wage for compensation purposes, that the employee's weekly wage should be determined by multiplying his daily wage by 7, as the business operated 7 days a week.

In Shuttleworth v. Interstate Power Co., supra, the employee did certain specific acts for which he received $201.50 the preceding year. His actual earnings were less than $6 per week. The evidence showed that a worker doing similar work for full time received $140 a month and the compensation was allowed upon that basis. The court said [217 Iowa 398, 251 N.W. 728]: "We agree with the distinguished and able Industrial Commissioner of this state when

he said in his opinion: 'Defendants contend that if this claim is allowed at all compensation must be paid under the provisions of Section 1390 and if so computed the sum of weekly payment will be $1.28. It is difficult to treat this contention seriously. The result reached is its own condemnation. To say that in such necessary and hazardous engagement a workman and his family are to be dismissed in case of injury or death arising out of employment with such insignificant financial consideration is to assume that the state is a great joker in dealing with human misery due to industrial accidents.' "

The Illinois law, Smith-Hurd Stats. c. 48, § 147(e), provides that the annual earnings shall be based upon the average daily wage with a minimum of two hundred days per year. In Truax-Traer Coal Co. v. Industrial Comm., supra, it was held that one whose daily wage was $5.39 and who worked only 168 days during the year should have his compensation based upon his daily wage for 200 days per year.

The Kentucky statute provides that compensation shall be computed at the average weekly wage earned by the employee, reckoning wages as earned while working at full time. The Kentucky courts hold that the phrase "full time" means a full working day for six days a week. Black Mountain Corporation v. Adkins, 280 Ky. 617, 133 ·S. W.2d 900; Beaver Dam Coal Co. v. Hocker, 202 Ky. 398, 259 S.W. 1010. That an employee who earned $5 a day when working full time, but who had averaged only $18.41 per week while working part time, was entitled to compensation based upon full time work. Chatfield v. Jellico Coal Min. Co., supra.

In Rochell v. Shreveport, etc., Co., La. App., 188 So. 429, 431, a laborer worked irregularly at 25¢ per hour and earned from less than $10 to as much as $15 per week, but worked some each day. The court said: "The lower court evidently reached the conclusion that compensation payments due him should be based upon a week of six working days of eight hours each. This is obviously correct."

The trial court found that appellee's weekly wage was $8.40. In arriving at this sum he evidently followed the statutory formula by multiplying the hourly wage of 20¢ by seven, and the product by six. If this means of determining the weekly wage is unfair, then the trial court erred.

Appellants assert that the nature of the employment was such that appellee could work only in the afternoons, and that she knew this when she accepted the employment; that under these circumstances the application of the formula used in this particular instance is unfair to appellants.

The findings of the trial court are the facts upon which the case must rest here. In re White's Estate, 41 N.M. 631, 73 P.2d 316; Krametbauer v. McDonald, 44 N.M. 473, 104 P.2d 900.

The appellants requested no findings of fact and do not here attack any finding that

affects this question. They attack a conclusion of law among the findings of fact and numbered XVII. This conclusion is as follows: "The Court further finds that plaintiff is entitled to compensation from the defendants at the rate of $8.40 per week for 550 weeks * * *."

The question, then, is whether we can say as a matter of law that it is unfair to appellants to base appellee's daily wage on seven hours when in fact she worked an average of only 3.68 hours per day. There are no findings indicating any unusual condition of employment, from which unfairness, if any, could be inferred. If it is unfair, then, the statutory formulae are inherently so.

The district judge probably reasoned that while the compensation was based upon twice the hours employed, that theoretically the chance of injury was one-half that of a full time worker, and that appellee's loss of earning capacity was not different whether she worked on half or full time basis; that her earning capacity was totally destroyed, not only for the half day she was working but for all time.

The appellants do not contend that the statutes under consideration are so arbitrary, unreasonable, or produce results so fundamentally unfair, as to be objectionable in a constitutional sense; but that the award is unfair, as that word is used in Sec. 57-912(m) (3), supra which appellants refer to as the "fairness statute" and which designation we will adopt for convenience.

Appellants assert that we should follow the decisions of the states having similar "fairness statutes," and cite authorities from New York, Michigan, California, Delaware, Wisconsin, and particularly Mahony Co. v. Marshall, D.C., 46 F.2d 539, construing the Longshoremen's Act, 33 U.S.C.A. § 910, affirmed in Marshall v. Mahony Co., 9 Cir., 56 F.2d 74; and Littler v. Fuller Co., 223 N.Y. 369, 119 N.E. 554. The Longshoremen's Act is typical of these statutes and we quote it as follows:

"Except as otherwise provided in this chapter, the average weekly wage of the injured employee at the time of the injury shall be taken as the basis upon which to compute compensation and shall be determined as follows:

"(a) If the injured employee shall have worked in the employment in which he was working at the time of the injury, whether for the same or another employer, during substantially the whole of the year immediately preceding his injury, his average annual earnings shall consist of three hundred times the average daily wage or salary which he shall have earned in such employment during the days when so employed.

"(b) If the injured employee shall not have worked in such employment during substantially the whole of such year, his average annual earnings shall consist of three hundred times the average daily wage or salary which an employee of the same class working substantially the whole of

such immediate preceding year in the same or in similar employment in the same or a neighboring place shall have earned in such employment during the days when so employed.

"(c) If either of the foregoing methods of arriving at the annual average earnings of an injured employee can not reasonably and fairly be applied, such annual earnings shall be such sum as, having regard to the previous earnings. of the injured employee and of other employees of the same or most similar class, working in the same or most similar employment in the same or neighboring locality, shall reasonably represent the annual earning capacity of the injured employee in the employment in which he was working at the time of the injury.

"(d) The average weekly wages of an employee shall be one fifty-second part of his average annual earnings."

Compensation under this and similar statutes is based upon actual earnings, and not upon capacity to earn. The courts of those jurisdictions usually hold, though not without dissent, that sub-section (b) cannot be used as a basis of compensation if the work is intermittent, that there must not only be a willingness to work but an opportunity to work, for its application; that sub-section (c) must be the basis in cases of intermittent employment or if opportunity to work is lacking. See cases above cited and Baltimore & Ohio R. Co. v. Clark, D.C., 56 F.2d 212; Pillsbury v. Pacific S. S. Co., 9 Cir., 56 F.2d 79; Fire-man's Fund Ins. Co. v. Van Steene, 9 Cir., 120 F.2d 548; Continental Casualty Co. v. Lawson, 5 Cir., 64 F.2d 802; Pryor v. Brickley, Sup., 1 Terry, Del., 5, 5 A.2d 242; Allis-Chalmers Mfg. Co. v. Industrial Comm., 215 Wis. 616, 255 N.W. 887; Carter v. Victor Chemical Works, 171 Tenn. 141, 101 S.W.2d 462; Andrejwski v. Wolverine Coal Co., 182 Mich. 298, 148 N.W. 684, Ann.Cas. 1916D, 724; State Road Comm. v. Industrial Comm., 56 Utah 252, 190 P. 544; Mahaffey v. Industrial Accident Comm., 176 Cal. 711, 171 P. 298. As these statutes are construed, if an injured employee who works regularly and substantially all the year, he is compensated under the provision of sub-section (a); if he is regularly employed at full time, but is injured before he has worked for "substantially a year," however short the time or small his earnings, sub-section (b) furnishes the basis for determining his compensation, Marshall v. Oswego, etc., Boy Scouts of America, 243 App.Div. 821, 278 N.Y.S. 603; but if the employment is inherently irregular or intermittent, then sub-section (c) applies, Marshall v. Mahony Co., supra. But see Kahl v. Sinclair Refin. Co., 249 App.Div. 681, 291 N.Y.S. 719.

The compensation for injured employees under the New Mexico statutes, and under those of states having similar laws, is based upon a different, and in the writer's judgment a sounder, theory. Both classes have "average weekly earnings," as a basis; but this phrase has a statutory

meaning in the New Mexico statutes and in similar statutes of other states.

It is not unfair to the appellant to base the amount of compensation upon a full day of seven hours, though the appellee worked but half days. The hazard and the wages would both have been doubled had she worked full days, and her capacity to earn no different after injury, in either case.

We need not determine what formula should be used if the employment is intermittent or discontinuous. It was neither in this case.

While there is no finding that the nature of the employment was inherently such that it would be impractical to work full days, this may be inferred from the testimony. If it is material, then it was a question of fact for the trial court to determine, and embody in his findings. It was not requested and not found, and we cannot supply it, and we do now know that the trial court would have so found. But had there been such finding, we are of the opinion that the result would have been no different. The use of the statutory formula here would have been fair to the employer if such had been the facts of this case.

■ We did not hesitate in Stevens v. Black, Sivalls & Bryson, 39 N.M. 124, 42 P.2d 189, 190, where there was no alternative, to follow a formula that was manifestly unfair to the injured workman, saying: "It is beyond our power to regulate, our sole task is to ascertain the measure of compensation fixed by the statute. If the statute does not work with justice to the workmen, this is a matter for the Legislature." The statute therein construed was amended by the substitution of the law here construed.

The cases cited by appellant do not help us because of the difference in the statutes.

It is asserted that the court erred in entering judgment for the recovery of compensation for a period of 550 weeks; that the recovery should be limited to the continuance of the disability. That portion of Sec. 57-916, Sts.1941, material to this issue, is as follows: "All judgments shall be against such employer, insurer, guarantor, and sureties liable therefor, and each thereof, for the amount then due, and shall also contain therein an order upon such employer for the payment of such workman of the further amounts at regular intervals on dates therein fixed as herein provided during the continuance of such disability as he may be entitled to hereunder, and such judgment shall be so framed as to accomplish the purpose and intent of this act in all particulars. * * *"

■■ It is obvious that the judgment should have provided that the appellee recover $8.40 per week for 550 weeks, subject to its termination should the court subsequently adjudge that the disability had ceased. We are of the opinion that, as the right later to contest the question of a continuance of the disability is statutory (Hudson v. Herschbach Drilling Co., 46 N.M. 330, 128 P.2d 1044), it would exist even

though a judgment is absolute in form. However, as it will be necessary to reform the judgment because of other imperfections this should be corrected.

It is asserted that the judgment was erroneous in that it provided that appellee's attorney should recover attorney's fees in the sum of $250; in that the attorney was not a party to the action. That part of the judgment is as follows: "It is further ordered, adjudged and decreed that the defendants aforesaid do pay unto Howard M. Rosenthal, attorney for plaintiff in this cause, the sum of $250.00 as attorney's fees and that said attorney have execution therefor."

Obviously this criticism is sound. Judgment for attorney's fees should have been in favor of appellee and not her attorney.

If appellants have paid $400 for medical care and hospitalization, this item should be either excluded from the judgment, or it should be stated therein that it has been paid.

The cause will be affirmed as to the allowance of compensation and attorney's fees, but remanded with instructions to the district court to reform its judgment as suggested herein. The appellee is allowed $300 attorney's fees for the prosecution of her case in this court. Costs are adjudged against the appellants. The motion for rehearing is denied, and,

It is so ordered.

SADLER, MABRY, and BICKLEY, JJ., concur.

THREET, J., did not participate.