42 P.(2d) 189

STEVENS v. BLACK, SIVALLS & BRYSON, Inc., et al.

No. 4027.

Supreme Court of New Mexico.

March 4, 1935.

W. H. Patten, of Hobbs, for appellant.

Hervey, Dow, Hill & Hinkle, of Roswell, for appellees.

BICKLEY, Justice.

Appellant, an oil tank builder, sued his employer, the first-named appellee, and its sure-

ty, the other appellee, under provisions of the workmen's compensation statute, to recover compensation for injuries resulting in total disability.

■ The court found total disability and awarded compensation for 550 weeks at the rate of $6.62 per week, this being the average weekly earnings of claimant. This was arrived at by dividing the total earnings of claimant for the preceding year, to wit, $626.-50, by 52 and allowing 55 per cent. thereof. It is the amount of this award which is attacked on this appeal. It is the contention of the appellant that he is entitled to an award upon the basis of $35 per week which he claims is the average weekly earnings, since the court found that when tank builders worked in the vicinity of the accident they received $5 per day for the work, and that if there had been sufficient work to keep him employed, he would have worked 7 days per week. But the court also found "that the tank building business was very quiet, and the laborers that were employed were intermittedly and not steadily employed; that on account of a surplus of laborers and a scarcity of work, the foreman of the defendant company rotated work among the various tank builders of the Hobbs community." Appellant contends that $35 per week represents his weekly capacity to earn. Appellant says that if this is not so, a great injury is done the workman; that the slackness of the oil industry was, and is, 'a temporary condition, beyond the control of the employee, and that when the oil business recovers its normal activity, the employer will resume the making of profits, but that the injured workman will confront a permanent condition of incapacity to earn wages; that if "average weekly earnings" are to be computed on the basis of actual earnings during the industry's slack times instead of upon the capacity of the workman to earn when times are good, then the victim of an accident, in the course of his employment, will become a charge upon society, etc.

It might be argued, on the other hand, that the industries' employers also suffer from the depressed condition of the industry. And also that where compensation to injured workmen, who are permanently disabled, is awarded during prosperous times upon the basis of actual earnings, and that during the more than 10 years thereafter during which the employer must pay the workman, business should become slack, the employer will find no relief from his fixed burdens of paying such compensation merely because the industry has become unprofitable. However this may be, it is beyond our power to regulate, our sole task is to ascertain the measure of compensation fixed by the statute. If the statute does not work with justice to the workmen, this is a matter for the Legislature. Our statute (Comp. St. 1929), section 156-112 (m), provides: "Whenever in this act the term 'earnings' is used it shall be construed to mean the average weekly earnings of the workman at or immediately prior to the date of the injury. Such average weekly earnings shall be computed by dividing the total earnings of such workman during the period not exceeding one year during which he has been employed in the same capacity by such employer by the number of weeks in such period."

■ In this case the "period * * * during which he has been employed" is 1 year, the workman having worked intermittedly for his employer for more than 1 year. This is to be divided by "number of weeks in such period" namely 52. "Immediately prior to the date of the injury" includes a "period not exceeding one year." According to appellant's theory, there would be no occasion to apply the process of ascertaining the "average weekly earnings." We would merely multiply the daily wage by the number of working days in the week, and that would give us the weekly earnings. But "average" weekly earnings implies that the earnings in some weeks have been greater or less than in others.

Webster defines "average" as "a mean proportion, medial sum or quantity made up of unequal sums or quantities."

The statute provides a formula for computing the "average weekly earnings"; first, the total earnings of the workman during the "period * * * during which he has been employed" is ascertained and is divided by "the number of weeks in such period."

In Utah, the statute, Comp. Laws 1917, § 3142, provides: "The average weekly wage of the injured person at the time of the injury shall be taken as the basis upon which to compute the benefits."

That statute furnished no rule by which to compute the wage. The Utah Supreme Court in State Road Commission v. Industrial Commission, 56 Utah, 252, 190 P. 544, construed the statute as follows: "Under Workmen's Compensation Act (Comp. Laws 1917, § 3132), requiring benefits to be based on the 'average weekly wage' at time of injury, the average weekly wage, where the employment is continuous, may be computed by multiplying the average daily wage by 300 and dividing by 52; but, where the employment is intermittent, the average weekly wage is determined by dividing the aggregate amount earned by the number of weeks, including the weeks in which no work was done."

This conclusion arrived at upon the basis of logic and reasonableness is in accordance with the formula afforded by our statute. The opinions of the justices in that case are very interesting, and the arguments of able counsel for appellant in the case at bar are answered therein. They cited with approval In re Rice, 229 Mass. 325, 118 N. E. 674, 676, Ann. Cas. 1918E, 1052, to the effect that "the amount of compensation to be awarded under the statute was to be determined not by what the employee is *capable of earning*, but by what was *actually earned*."

We think the trial court properly applied the statute to the facts in the case at bar, and we find no error in the record. The judgment is affirmed and the cause is remanded to the district court. It is so ordered.

SADLER, C. J., and HUDSPETH and WATSON, JJ., concur.

ZINN, J., did not participate.