582 P.2d 400

**Cuca GILLILAND, Plaintiff-Appellant,**

v.

**HANGING TREE, INC., d/b/a Territorial House, and Associated Indemnity Corp., Defendants-Appellees.**

**No. 3421.**

Court of Appeals of New Mexico.

June 20, 1978.

Writ of Certiorari Denied July 19, 1978.

**24**

Michael D. Bustamante, Ortega & Snead, Albuquerque, for plaintiff-appellant.

George J. Hopkins, Modrall, Sperling, Roehl, Harris & Sisk, Albuquerque, for defendants-appellees.

## OPINION

WOOD, Chief Judge.

The widow sought death benefits under the Workmen's Compensation Act. On the basis of affidavits and answers to interrogatories, the trial court granted defendants' motion for summary judgment. Plaintiff appeals; we affirm. Assuming there was an issue of fact as to whether deceased was a "workman", the summary judgment was proper because no compensation benefits were payable under the "average weekly wage" provisions of the Workmen's Compensation Act.

Decedent was a part owner of Hanging Tree, Inc.; at the time of his death he owned a one-third interest in the corporation. At the time of incorporation, it was agreed among the owners that decedent would manage the business (restaurant and bar); decedent did manage the business from the incorporation on March 1, 1972 until his death in October, 1975. Decedent supervised the day-to-day operation of the business including ordering supplies, paying bills, and working as bartender and waiter. Without decedent's work, the business would not have survived.

It is uncontradicted that decedent received "no wages and no income" and no salary from Hanging Tree, Inc. The showing as to wages is as follows:

5. At the time of the formation of Hanging Tree, Inc., it was agreed among the three owners . . . that Mr. Gilliland would not be paid a salary by the corporation until such time as the business was able to more fully bear such a cost. However, it was expressly agreed that at such time as the business did improve to our satisfaction, that Mr. Gilliland would commence receiving a salary at such a level that he would be paid currently, and also be paid enough to make up for the period of time during which he did not receive a salary.

4. At the time of his death, Mr. Gilliland was not receiving a salary from the corporation. However, it was contemplated by him and the other owners of Hanging Tree, Inc., that at such time as they deemed the business able to bear it, Mr. Gilliland would begin receiving a salary which would pay him currently and also reimburse him for the period during which he worked for the corporation without a salary being paid current.

Defendants contend that the lack of payment for the services of decedent results in

decedent not being a "workman" under the Workmen's Compensation Act. Defendants cite decisions which refer to the payment of wages in describing the relationship between employer and employee. See *Mendoza v. Gallup Southwestern Coal Co.,* 41 N.M. 161, 66 P.2d 426 (1937); *Burton v. Crawford and Company,* 89 N.M. 436, 553 P.2d 716 (Ct.App.1976). Plaintiff, in turn, relies on the expectancy of payment in the future for the services decedent performed. Plaintiff cites cases from other jurisdictions in support of her view that an accumulated claim for wages, to be paid at a future date by a closely held corporation, is a sufficient "hire" so that decedent should be considered an employee. Defendants, relying upon the above-quoted matter, state that the wage claim is too speculative and also assert that the cases cited by plaintiff are inapplicable. We answer none of these contentions; the statutory provisions concerning "average weekly wage" are dispositive of this appeal.

Assuming there is a factual issue, sufficient to defeat summary judgment, as to whether decedent was an employee, on what basis would compensation benefits be paid? The answer to this question is not provided by § 59–10–18.2, N.M.S.A.1953 (2d Repl. Vol. 9, pt. 1, Supp.1975). This statute provides for payment of compensation benefits on the basis "of the average weekly wage in the state" effective July 1, 1976. However, this same statute provides that compensation is to be paid on the basis of the workman's "average weekly wages" effective July 1, 1975. Thus, compensation benefits were to be paid on the basis of decedent's "average weekly wage" at the time of his death in October, 1975. See § 59–10–18.7, N.M.S.A.1953 (2d Repl. Vol 9, pt. 1, Supp.1975).

Section 59–10–12.13, N.M.S.A.1953 (2d Repl. Vol. 9, pt. 1) provides for the determination of the average weekly wage. Paragraph A defines wages "to mean the money rate at which the services rendered are recompensed under the contract of hire in force at the time of the accident, either express or implied". Since there was no "money rate" at the time of the accident,

neither paragraph A nor B provide a basis for payment of compensation benefits.

Plaintiff contends compensation benefits should be determined under paragraph C of § 59–10–12.13, supra, because other statutory provisions do not result in a fair computation. Paragraph C provides for a computation of the average weekly wage "in such other manner and by such other method as will be based upon the facts presented fairly determine such employee's average weekly wage."

In the decisions applying § 59–10–12.13(C), supra, or a similar provision under prior statutes, there was a payment of wages in some monetary amount. Here there has been no monetary payment. See *Kendrick v. Gackle Drilling Company,* 71 N.M. 113, 376 P.2d 176 (1962); *Bailey v. Farr,* 66 N.M. 162, 344 P.2d 173 (1959); *LaRue v. Johnson,* 47 N.M. 260, 141 P.2d 321 (1943); *Stevens v. Black, Sivalls & Bryson,* 39 N.M. 124, 42 P.2d 189 (1935).

What we have here is, at most, an expectancy. When the business improved to the "satisfaction" of the owners, decedent would then "commence receiving a salary" and would "also be paid enough to make up for the period of time during which he did not receive a salary." This expectancy was speculative, depending upon the "satisfaction" of the owners; this satisfaction depended in turn upon the business being able to bear the cost. The undisputed showing is that the business had operated at a loss through 1975, the year of decedent's death.

"Average weekly wage" has a statutory meaning. *LaRue v. Johnson* supra. It means the money rate at which services are recompensed "at the time of the accident." Section 59–10–12.13(A), supra. See *Stevens v. Black, Sivalls & Bryson,* supra. The fair determination of average weekly wage under § 59–10–12.13(C), supra, requires a wage of some kind "at the time of the accident." It is undisputed that at the time of the accident, decedent had no wage and thus had no basis for computing an average weekly wage. The speculative possibility that some time in the future decedent

might be paid for services performed prior to his death was not a wage within the statutory meaning.

Oral argument is unnecessary. See *Garcia v. Genuine Parts Co.*, 90 N.M. 124, 560 P.2d 545 (Ct.App.1977).

The summary judgment is affirmed.

HENDLEY and LOPEZ, JJ., concur.