733 P.2d 873

Marion HARRISON, Plaintiff-Appellant,

v.

ANIMAS VALLEY AUTO AND TRUCK REPAIR, Employer, and Bituminous Casualty Corporation, Insurer, Defendants-Appellees.

No. 9285.

Court of Appeals of New Mexico.

Jan. 29, 1987.

Certiorari Denied March 5, 1987.

Andrew L. Cameron, Denver, Colo., for plaintiff-appellant.

Howard R. Thomas, Sager, Curran, Sturges & Tepper, P.C., Albuquerque, for defendants-appellees.

## OPINION

DONNELLY, Chief Judge.

The prior opinion of the court is withdrawn and the following opinion is substituted.

Plaintiff, Marion Harrison, appeals from a judgment denying his claim for workmen's compensation. The central issue raised by plaintiff on appeal is whether the trial court erred in concluding plaintiff was not an employee for purposes of qualifying for workmen's compensation benefits at the time of his injury. We reverse and remand with instructions to the trial court to address other essential issues raised by the pleadings.

### FACTS

The factual issue of whether plaintiff was injured during the course and scope of his employment was bitterly disputed at trial. The trial court did not reach this issue because it found that at the time of plaintiff's injury, his employment contract had not been renewed or extended and plaintiff, therefore, did not have an enforceable right to receive any remuneration for his service to Animas Valley Auto and Truck Repair, Inc. (Animas).

Plaintiff was an automobile mechanic and, together with Dr. Ivan Sergejev and Carroll "Red" Achenbach formed Animas in December 1982. Plaintiff and Achenbach each owned 30% of the corporate shares and Dr. Sergejev owned 40%. Plaintiff, Achenbach, and Sergejev were the officers and directors of Animas and it was agreed that plaintiff and Achenbach were to work for the corporation; Achenbach was to be the general manager and plaintiff was to help manage and serve as a mechanic. Other mechanics worked on the premises but they were independent contractors.

Articles of incorporation were signed and filed for the company. In addition, the three principals signed a pre-incorporation agreement. This agreement contained a provision governing the employment of the principals and recited that plaintiff and Achenbach would agree to sign a contract of employment whereby they would both devote full time to the corporation for a salary of $500 per week. The agreement further provided that the contract was to begin in December and last for six months. If the corporation failed to show a net profit at the end of three months, then receipt of the salaries would be deferred until such time as there was a net profit sufficient to pay the salaries; and continued employment was contingent on the approval of the board of directors. The employment agreements were never signed, nor were any other corporate documents, such as buy-sell agreements and corporate meeting minutes, that were drafted. It is undisputed, however, that the business opened its doors and operated despite the unsigned documents.

Plaintiff and Achenbach worked for Animas, earning and collecting their $500 per week salaries until May or June 1983. After that, both testified that their wages were deferred and that they continued working until August 1983. In August, plaintiff and Dr. Sergejev decided to terminate Achenbach's employment. Achenbach left and plaintiff took over as general manager.

Plaintiff continued to work for the corporation until the end of September, when the incident giving rise to this suit occurred. The manner in which plaintiff was injured was the subject of conflicting testimony. Plaintiff alleged that on September 23, 1983, he was working late at night, attempting to put an engine into a car, when the car slipped off a jackstand, crushing his hand. He then fell through a plate-glass window while attempting to run for help. Plaintiff gave timely notice of the accident

and received workmen's compensation benefits for approximately fifteen months until defendants stopped paying them. Defendants terminated payments of benefits based upon allegations of fraud concerning how plaintiff's injuries were incurred.

Phillip Holman worked for Animas and was with plaintiff on the night of plaintiff's injury. Holman, however, quit following plaintiff's injury. About a month later, Animas closed its doors. Holman arranged to purchase equipment from plaintiff to open his own shop. Plaintiff and Holman became embroiled in a dispute concerning the payment for this equipment. Plaintiff's wife removed some equipment from Holman's shop.

Holman informed defendants that the facts surrounding plaintiff's injuries did not occur as related by the plaintiff. Holman said that on the night the injuries occurred, he and plaintiff had been at a party and had been drinking. Plaintiff got into a fight with an individual concerning plaintiff's race car. After the party, plaintiff, still angry, returned to the garage and put his fist through the window. Based on Holman's information, defendants stopped paying compensation benefits.

Thereafter, plaintiff filed suit to compel payment of workmen's compensation benefits. After hearing the evidence, the trial court determined that plaintiff had neither an employment contract nor an average weekly wage. In light of this ruling, the court did not make findings concerning the other issues in the case, e.g., whether plaintiff was injured as a result of an accident arising out of and in the course of his employment or was injured by intentionally putting his fist through the window due to his frustration and anger resulting from his earlier fight.

Defendants requested findings of fact to the effect that: plaintiff's employment contract was for six months; plaintiff's employment contract was never renewed, either expressly or impliedly; Animas never took the required corporate action to extend or renew the contract; after June 1983, Animas never had sufficient income with which to pay plaintiff and plaintiff has no enforceable right to receive remuneration; and at the time of plaintiff's injury he had no wage and thus no basis for computing an average weekly wage. Based on these requested findings, defendants requested a conclusion to the effect that the possibility that plaintiff might be paid in the future was not a receipt of a wage within the contemplation of NMSA 1978, Section 52–1–20, citing *Gilliland v. Hanging Tree, Inc.*, 92 N.M. 23, 582 P.2d 400 (Ct.App.), *cert. denied*, 92 N.M. 180, 585 P.2d 324 (1978).

The trial court, apparently relying upon *Gilliland*, adopted defendants' requested findings and conclusions of law with minor modifications. The court also adopted the additional conclusions that an average weekly wage could not be computed and that the case should be dismissed.

## GILLILAND

We determine that *Gilliland* is not controlling in the instant case. *Gilliland* was a case factually similar to the matter before us, but with an important difference: plaintiff in *Gilliland* never earned a wage and there was never any monetary amount of remuneration discussed. In other respects, the cases are quite similar: plaintiffs in each case worked for corporations in which they owned approximately a one-third interest; both corporations expected to pay the workers when circumstances would permit; and, at the precise time of the accidents, neither worker was actually collecting a wage.

Our decision in *Gilliland* turned on the fact that there was no money rate at which the worker's services were being recompensed at the time of the accident. There was, accordingly, no average weekly wage within the meaning of the statute. Subsidiary facts were that a salary would not be paid until business improved to the "satisfaction" of the owners and that the business had always operated at a loss.

In this case, the parties had agreed upon a monetary rate at which plaintiff's services were to be recompensed at the time of the accident—$500 per week. It is true

that plaintiff was not actually receiving wages of $500 per week at the time of the accident, but it is undisputed that in fact, plaintiff had previously been paid and that at the time of his injuries, testimony indicated employees' wages were being deferred. Moreover, the corporate documents contained a specific formula indicating when wages would cease being deferred. In contrast to the factual situation in *Gilliland,* the present case does not contain nebulous standards such as the payment of salaries when "the business improved to the 'satisfaction' " of the owners. Hence, under the facts herein, there was evidence upon which to compute an average weekly wage for plaintiff. Finally, here, there was evidence that accounts receivable were collected when Animas ceased doing business. Plaintiff claimed these were paid to him in partial satisfaction of his deferred wages.

There was evidence which conflicted with plaintiff's claim, e.g., defendants contended that the accounts receivable were collected as part of an agreement to wind down the corporation. However, without specific court findings as to whether plaintiff was entitled to payment of accounts receivable in partial satisfaction of deferred wages, it is necessary to remand this cause for adoption of further specific findings to resolve the key factual issues which have not yet been addressed.

## COURT'S FINDINGS OF FACT

Defendants do not mention *Gilliland* in their brief. Instead, they seek to uphold the trial court's findings, using those findings to support the alternative theory that plaintiff was a gratuitous worker after June 1983. *See, e.g., Jelso v. World Balloon Corp.,* 97 N.M. 164, 637 P.2d 846 (Ct.App.1981). Defendants dispute that there was a contract of employment, asserting that there was no written contract, that continued employment was contingent upon board approval and that plaintiff worked only in order to further his own interests. Even though they maintain an extension was never approved, the undisputed testimony indicates the contrary.

The trial court found that plaintiff's employment contract was for six months, that plaintiff's employment contract was never expressly or impliedly renewed, and that Animas never took the required corporate action to extend or renew the contract. The pre-incorporation agreement referred to an initial term of six months for the employment of the principals; it further provided that continued employment was contingent upon the approval of the board. Two of the three board members testified, however, that they continued to work after the initial six-month period and that their wages were deferred during this period; the third board member did not testify. At a meeting in August, it was decided that Achenbach would cease employment while plaintiff would continue. There was nothing to contradict the inference from this evidence that the contracts were renewed under the provision allowing for deferral of wages. Moreover, it does not appear that any required corporate action was missing. *See Jennings v. Ruidoso Racing Association,* 79 N.M. 144, 441 P.2d 42 (1968).

■ Defendants' contention that the trial court's dismissal can be supported on a different basis, that plaintiff was a gratuitous employee, is flawed. Without evidence to support the trial court's findings of fact supporting a conclusion (not made) that plaintiff was a gratuitous employee, we cannot affirm on that ground. The trial court did not adopt an express finding determining that plaintiff was a gratuitous worker and its conclusions of law were not premised on such theory. A judgment cannot be upheld on appeal unless the conclusion upon which it rests finds support in one or more findings of fact. *Romero v. J.W. Jones Construction Co.,* 98 N.M. 658, 651 P.2d 1302 (Ct.App.1982).

## ISSUE OF WORK–RELATED ACCIDENT

Defendants urge affirmance because the trial court was right for the wrong reason. *See H.T. Coker Construction Co. v. Whitfield Transportation, Inc.,* 85 N.M. 802, 518 P.2d 782 (Ct.App.1974). Defendants

contend that the right reason is that plaintiff was not injured in a work-related accident; rather, he injured himself intentionally, out of anger stemming from an earlier personal argument. Defendants contend, inter alia, that their Exhibits A, B and C indicate that plaintiff was not at work on the day of the alleged injury and that Animas had insufficient net profits to pay any wages to plaintiff. Defendants also argue that there was substantial evidence in the record indicating that plaintiff neither received nor was entitled to any wages at the time of his alleged work-related accident. Defendants assert that the court's findings should be liberally construed in support of the judgment if a fair consideration justifies the result reached by the trial court. *See H.T. Coker Construction Co. v. Whitfield Transportation, Inc.*

These contentions overlook the fact that the trial court's decision was rendered on a narrow and specific basis, i.e., that plaintiff, based on *Gilliland,* was not receiving a wage within the statutory meaning at the time of his injury and that an average weekly wage cannot be computed. Moreover, the trial judge made no findings of fact on the key issue of whether plaintiff was injured in the course and scope of his employment, stating that he would rule on this contention in the event that an appellate court reversed the ruling as to the absence of an employment agreement and the lack of means of calculating payment of an average weekly wage. Hence, the issue on appeal is not substantial evidence but the propriety of the court's limited ruling.

Defendant asserts that the failure of the trial court to adopt plaintiff's requested findings regarding his employment and injury constitutes findings against plaintiff in these matters. This contention is negated by the trial court's express reservation of ruling and by our holding regarding the trial court's interpretation of *Gilliland. See Ledbetter v. Webb,* 103 N.M. 597, 711 P.2d 874 (1985).

When the findings adopted by the trial court fail to resolve the basic issues that are in dispute, an appellate court may remand for adoption of requisite additional findings. *Michelson v. Michelson,* 89 N.M. 282, 551 P.2d 638 (1976); *see also State ex rel. Human Services Dept. v. Coleman,* 104 N.M. 500, 723 P.2d 971 (Ct.App.1986). A trial court, if requested, must find one way or the other on a material issue of fact. *Spingola v. Spingola,* 91 N.M. 737, 580 P.2d 958 (1978); *Sanchez v. Sanchez,* 84 N.M. 498, 505 P.2d 443 (1973). Since the evidence was conflicting as to whether plaintiff was in fact injured in the course and scope of his employment, and the trial court erroneously concluded that an average weekly wage could not be computed, it did not reach the issue of whether plaintiff was disabled from a job-related accident. Hence, it is necessary to remand the cause for the adoption of additional findings and conclusions of law. Accordingly, we reverse and remand with instructions to the trial court to adopt specific findings of fact and conclusions of law on the circumstances of the accident and other material issues raised by the parties and for entry of judgment consistent therewith.

IT IS SO ORDERED.

ALARID and GARCIA, JJ., concur.